**Bill CAUBLE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37752.**

Court of Criminal Appeals of Texas.

Feb. 17, 1965.

Joe R. Carroll, (on appeal only), Snyder, for appellant.

Wayland G. Holt, Dist. Atty., Snyder, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for forgery with two prior convictions for forgery alleged for enhancement; the punishment, life.

Edwin Isabell, while testifying, identified the appellant as being the same person who passed a check to him on May 10, 1964, in the sum of $25, payable to Billy Cauble,

signed Mrs. W. H. Cauble, as maker, endorsed by Billy Cauble, and drawn on the Snyder National Bank. The witness Isabell identified a check at the trial as the same check passed to him by the appellant, who endorsed it in his presence, and for which he gave the appellant $23 in money and gasoline of the value of $2. Said check was then introduced in evidence.

Mrs. W. H. Cauble testified that she did not sign or authorize anyone to sign her name to said check.

Proof was introduced of the prior forgery convictions as alleged and of the identity of the appellant as the same person convicted therefor.

The appellant did not testify but called D. W. Hargrove, the owner of the service station where the appellant passed to Isabell the $25 check while Hargrove was absent. Hargrove testified that on May 9, the appellant passed to him a check drawn the same as the $25 check except it was for $15; that appellant never wrote out the check but only endorsed it in his presence; and that the appellant told him he would pay the checks when he got out of jail but after he got out he never did. The $15 check was introduced in evidence.

Appellant insists that the evidence wholly fails to prove that the appellant did, in fact, make the $25 check upon which the state relied for a conviction. He urges that the state proved only that Mrs. W. H. Cauble did not sign or authorize anyone to sign her name to the check, and that the check was passed to Edwin Isabell by Bill Cauble.

The $25 and $15 checks were the only checks introduced in evidence.

On re-cross examination of Hazel Bingham, appellant's sister, she testified in part as follows:

"Q: Do you recognize the handwriting on this check?

"A: That is Billy Cauble's handwriting."

If it was the $15 check that Hazel Bingham testified was in appellant's handwriting instead of the $25 check, then the $15 check was before the jury as being in the handwriting of the appellant. Both Hargrove and Isabell testified that the appellant endorsed the two checks, respectively, in their presence. Hence the endorsements were known specimens of appellant's handwriting.

The appellant did not invoke the provisions of Art. 731, C.C.P., by denying under oath the making of the $25 check.

The possession of the check by the appellant and its endorsement in person by him, with the later promise to the holder to pay it, in connection with the known specimens of his handwriting on the checks, was sufficient to warrant the conviction and supports the jury's verdict.

The judgment is affirmed.

Opinion approved by the Court.