**Joanne Frances PFLEGING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53186.**

Court of Criminal Appeals of Texas, Panel No. 3.

May 10, 1978.

State's Motion for Rehearing Denied Oct. 18, 1978.

Michael Greenberg, Irving, for appellant.

Henry Wade, Dist. Atty., and Ronald D. Hinds, Asst. Dist. Atty., Dallas, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for forgery. V.T.C.A. Penal Code, Sec. 32.-21(d). Appellant was tried before the court upon a plea of not guilty and punishment was assessed at five years, probated.

Appellant challenges the sufficiency of the evidence to support the conviction.

Carl Potts, a resident of Bastrop, testified that he was the owner of a refrigeration and air conditioning business for the past 20 years. He had a business checking account at the First National Bank of Bastrop. He testified that early in 1975 he discovered that a page of checks was missing from his business checking account. He did not make this discovery until he was notified that someone was trying to cash one of his checks in Dallas. He had no knowledge of when or how the checks were taken. He identified the check that was the subject of the instant prosecution as appearing to be one of those that had been taken from his business. He had never given the appellant permission to sign his name and stated that the signature on the check was definitely not his own.

Tim Weston, vice president of the Texas Bank and Trust Company in Dallas, testified that on February 28, 1975, the appellant entered the Texas Bank and Trust Company and presented a check in the amount of $3,500.00 to a teller. She stated a desire to make a payment on an out-of-state issued Bank Americard and receive the remainder of $2,000.00 in cash. Since this was over the teller's range of authority, the appellant was referred to Weston. He identified the check which is the basis of the instant prosecution as the same check the appellant presented to him. The check had already been endorsed in the name of Joanne F. Pfleging. Because of the size of the transaction, the witness called the bank in Indiana which had issued the Bank Americard. He was advised by the Indiana bank that "they had a pick up on the card and requested that we pick up the card and return it to them." He also contacted the First National Bank of Bastrop to determine if the check were valid. He was advised by the bank in Bastrop that the check was one of a series of checks that had been reported stolen. According to the witness, the banker in Bastrop was sure that the signature of Carl Potts was a forgery. Weston related that during this series of transactions the appellant was at his desk. Weston stated that after he spoke with the bank in Bastrop he called the Dallas police and they immediately arrested the appellant. On cross-examination, Weston stated that no money changed hands and he never saw the appellant make any writing, either on the face or the back of the check.

The State rested at the conclusion of Weston's testimony and the appellant rested without presenting any evidence.

V.T.C.A. Penal Code, Sec. 32.21, provides in pertinent part as follows:

"(a)  For purposes of this section:

"(1)  'Forge' means:

"(A)  to alter, make, complete, execute, or authenticate any writing so that it purports:

"(i)  to be the act of another who did not authorize that act;

\*      \*      \*      \*      \*      \*

"(B)  to issue, transfer, register the transfer of, pass, publish, or otherwise utter a writing that is forged within the meaning of Paragraph (A) of this subdivision; or

"(C)  to possess a writing that is forged within the meaning of Paragraph (A) with intent to utter it in a manner specified in Paragraph (B) of this subdivision.

"(2)  'Writing includes:

"(A)  printing or any other method of recording information;

\*      \*      \*      \*      \*      \*

"(b)  A person commits an offense if he forges a writing with intent to defraud or harm another.

\*      \*      \*      \*      \*      \*

"(d)  An offense under this section is a felony of the third degree if the writing is or purports to be a will, codicil, deed, deed of trust, mortgage, security instrument, security agreement, credit card, check or similar sight order for payment of money, contract, release, or other commercial instrument."

■ Under this statute, the definition of forgery requires as an element of the offense an intent to defraud or harm. *Jones v. State*, Tex.Cr.App., 545 S.W.2d 771; *Stuebgen v. State*, Tex.Cr.App., 547 S.W.2d 29; *Baker v. State*, Tex.Cr.App., 552 S.W.2d 818.

Thus, it is clear that intent to defraud or harm is a necessary element of the offense of forgery and the burden is upon the State to prove every element of the offense charged. *Reed v. State*, Tex.Cr.App., 533 S.W.2d 35; *Young v. State*, Tex.Cr.App., 529 S.W.2d 542. In *Stuebgen v. State*, supra, and *Baker v. State,* supra, we said:

"While the requisite culpable mental state under Section 32.21(b) is 'intent to defraud or harm,' we fail to perceive how such culpable mental state can be shown absent proof of knowledge that the instrument is forged."

■ The State may, of course, establish intent to defraud or harm by circumstantial evidence. *Baker v. State*, supra; *Stuebgen v. State*, supra; *Watson v. State*, Tex.Cr. App., 418 S.W.2d 822. In *Castaneula v. State*, Tex.Cr.App., 435 S.W.2d 146, this Court held that where the defendant "cashed the forged check in question and endorsed his name thereon, with an incorrect address, is sufficient to warrant the jury's conclusion that he knew the check was a forgery when he passed it." See also *O'Bryan v. State*, Tex.Cr.App., 397 S.W.2d 860.

The defendant in *Phillips v. State*, Tex. Cr.App., 488 S.W.2d 97, represented himself as the payee of a check, endorsed it in the presence of the supermarket cashier, and gave false information about the maker of the check to show knowledge that the instrument was forged. See also *Hilton v. State*, Tex.Cr.App., 443 S.W.2d 843.

In *Golden v. State*, Tex.Cr.App., 475 S.W.2d 273, the defendant stated when passing a check that the maker thereof was an insurance man. The evidence reflected that the man listed as the maker was fictitious. This was held sufficient to show knowledge that the instrument was forged. See also *Colburn v. State*, Tex.Cr.App., 501 S.W.2d 680.

In *Cauble v. State*, Tex.Cr.App., 386 S.W.2d 804, a handwriting comparison between the signature forged on the check and the defendant's signature was held sufficient to prove intent. See also *Newby v. State*, Tex.Cr.App., 384 S.W.2d 133. In *Baker v. State*, supra, the defendant tried to retrieve the paper on which the license number of his automobile had been written. This, when taken with the other facts, was held sufficient to show knowledge.

■ In the instant case, the State proved that the instrument was in fact forged, but

there is no evidence, circumstantial or otherwise, to show the appellant's knowledge that the instrument was forged or that the instrument was passed with intent to defraud or harm. If there be other means of showing intent "to defraud or harm another" in cases such as this, which we are presently unable to envision, the record in the instant case is devoid of same. *Stuebgen v. State*, supra.

The inclusion in Sec. 32.21, supra, of the requirement, "with intent to defraud or harm," precludes an interpretation that the presentation or passing of a forged instrument is a per se violation. Since the evidence is insufficient to show intent to defraud or harm, the conviction must be reversed.

The judgment is reversed and the cause remanded.

### OPINION ON STATE'S MOTION FOR REHEARING

PHILLIPS, Judge.

On original submission, appellant's conviction for forgery was reversed by Panel No. 3 for the second quarter of 1978, per opinion of Judge Tom Davis. The State's motion for rehearing alleges that the facts adduced at the trial of appellant circumstantially establish that appellant attempted to cash the forged check with the requisite intent to defraud another. We remain convinced that the opinion on original submission was correct in its conclusion, especially in light of its reliance on *Stuebgen v. State*, Tex.Cr.App., 547 S.W.2d 29. The only facts among those cataloged by the State in its motion for rehearing that are probative are that the check was made out to the appellant, the appellant's name appears on the back of the check, and the appellant had no prior dealings with Carl Potts, the purported maker of the check. The only fact which would distinguish this case from that of *Stuebgen*, supra, is the fact that appellant had no preexisting relationship with the purported maker of the check. In *Stuebgen* the appellant had a preexisting employer-employee relationship with the maker of the check. This Court wrote in *Stuebgen*:

" . . . Although appellant had access to Chitwood's [the employer] checkbook, and Chitwood normally paid his employees personally, we do not find that this evidence is sufficient to discharge the State's burden of showing that appellant acted with intent 'to defraud or harm another.' " *Id.* at 32.

The facts of this case are even stronger in light of the fact that there was no preexisting relationship of any degree between the appellant and Potts which would create a basis for the payee [appellant] to know that she was passing an instrument that was forged. In this case, as in *Stuebgen*:

" . . . Appellant was listed as the payee, and appellant did not falsely represent himself [herself]. No evidence was introduced to show that anything appearing on the check was in appellant's handwriting." *Id.* at 32.

It is noted that the forged check in the instant case had the appellant's name handprinted as the payee. Testimony at appellant's trial established that the check was endorsed, although none of the witnesses actually observed her endorsing the check. If Stuebgen's conviction could not stand in light of his preexisting relationship with the purported maker of the check, appellant's conviction must, a fortiori, fall as well. As in *Stuebgen*, supra, the State has failed to discharge its burden of proof in the instant case.

The State's motion for rehearing is hereby overruled. The judgment of conviction remains reversed. However, in light of *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), and *Burks v. U. S.*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), the judgment is hereby reformed to reflect an acquittal and the cause is remanded for proceedings under Article 37.-12, V.A.C.C.P.