**Claude Winifaede MEADE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. (2280cr), 13–81–269–CR.**

Court of Appeals of Texas, Corpus Christi.

Aug. 26, 1982.

Jim Coate, Pearland, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before NYE, C.J., and YOUNG and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction of forgery. The jury assessed punishment at three years confinement and a $1,000.00 fine. This appeal is based on the sufficiency of the evidence. The indictment under which appellant was convicted reads, in part:

> "... and with intent to defraud and harm, forge the writing duplicated below, which purported to be the act of another who did not authorize the act, by possessing it with intent to utter it and while knowing it was forged: ...."

See Tex.Penal Code Ann. § 32.21(a)(1)(C), (b) (Vernon 1974). Appellant charges that the State failed to meet its burden of proof on three critical elements: knowledge that the instrument was forged, intent to utter and intent to defraud and harm.

The evidence shows that appellant was arrested in connection with this case on or about the night of May 24, 1979, after he attempted to offer a check, later determined to be forged, to the night auditor of the Holiday Inn Central in Houston as payment for a room. The check was drawn on the account of Gilpen B. Gray and made payable to the order of appellant. The clerk who took the check called Mr. Gray to verify the check, and Gray informed him that the check had been stolen from his home earlier that same day and that he had not issued a check to appellant.

H.D. Gilbert, security officer on duty at the Holiday Inn on the night of appellant's arrest, testified that appellant told him he had just won the check in a poker game; that he had been playing for ten to twelve hours; and that he was still tired from playing. Gilbert also stated that appellant said he had been playing poker with the same group of friends about once a week for about a year, but that appellant was unable to tell him from whom he had gotten the check.

Harry Hall, the auditor who took the check from appellant, was in the hospital and unable to testify at the trial. Another auditor, Louis Pesquere, testified that he observed Hall take the check and heard appellant swear that the check was good.

Appellant and Eugene Lee, a defense witness, both testified that appellant had, in fact, gotten the check from L.C. Johnson, known to appellant as "Charles" or "Chuck." According to appellant, he had known "Charles" only a week or ten days and that "Charles" owed him money. The check was given in satisfaction of that debt. Appellant admitted that he intended to use the check to pay his hotel bill.

Appellant relies heavily on *Pfleging v. State,* 572 S.W.2d 517 (Tex.Cr.App.1978), in which the Court held that there was no

evidence to show the appellant's knowledge that the instrument was forged or that it was passed with intent to defraud or harm. Although there are some similarities between *Pfleging* and the case before us, there are important differences which adequately justify a different result.

Intent to defraud or harm may be established by circumstantial evidence. *Pfleging v. State,* supra; *Baker v. State,* 552 S.W.2d 818 (Tex.Cr.App.1977). In the instant case, the record reflects that appellant possessed the check and presented it less than a day after it was stolen from its owner; that, by his own explanation, he obtained the check from one whose name was other than that signed on the instrument as drawer; and that appellant gave conflicting stories of how he had come to possess the check. These facts are sufficient to warrant the jury's conclusion that appellant knew the check was forged and that he had the requisite intent to defraud or harm the hotel. We hold that intent to utter is clearly shown by the appellant's own admissions and by the testimony of auditor Pesquere.

We have considered all of appellant's grounds of error, none of which have merit. They are all overruled. The trial court's judgment is affirmed.