**Adron Dudley SHEFFIELD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–81–0118–CR.**

Court of Appeals of Texas,
Tyler.

Dec. 9, 1982.

Allen Isbell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

McKAY, Justice.

This is an appeal from appellant's conviction for forgery. Punishment was enhanced by two prior convictions to life imprisonment.

The indictment charged that appellant with intent to defraud and harm, did forge a check, which purported to be the act of another who did not authorize the act, by possessing it with intent to utter it and while knowing it was forged.

Appellant brings one ground of error in which he maintains that the evidence is insufficient to sustain a conviction because the State did not prove beyond a reasonable doubt that appellant had an intent to defraud.

The witness, Frank Gutierrez, operator of Frank's Ice House in Harris County, and part owner of Cross County Club, testified that on August 31, 1979, he saw appellant whom he knew only as "Mexico," and appellant had been in and out of the ice house all day. He said appellant asked him to cash a check for $300, a copy of which follows:

Appellant endorsed the check in the presence of Gutierrez as follows:

Gutierrez did not cash the check but returned it to appellant. The following day, September 1, 1979, appellant again asked Gutierrez to cash the same check, and Gutierrez received the check and gave appellant $30 in money on it. He did not see appellant write on the face of the check.. The next night, September 2, 1979, appellant came to Frank's Ice House about 9:00 or 10:00 p.m. and wanted more money on the check and Gutierrez gave him $15. After midnight appellant came again and Gutierrez gave him an additional $5.

The next day appellant sent a woman to Gutierrez to get his money, but Gutierrez did not give it to her; he learned, however, that appellant was at the B and C Lounge. He called there and talked to appellant and then went by there and picked him up and took him to the Cross Country Club. Gutierrez had called Admiration Air Conditioning Company and learned that they had not issued the check and had no one in their employ named A.C. Stone or A.D. Sheffield. He then arranged to have the police meet him at the Cross Country Club. The police took appellant to jail after Gutierrez pointed him out and related the facts to them. Appellant offered to give the money back, but the officer said it was too late.

James Buchanan, president of Admiration Air Conditioning and Heating, testified that there was no person named A.D. Sheffield or A.C. Stone who worked at that business around September 1979 or at any time. He further testified the check involved here was not one of his company checks although somewhat similar. The name of the company was printed incorrectly, he said, and his firm had no account at Texas Commerce Bank. He did not recognize any signature on the check.

The witness A.D. Queen, a document examiner with the Houston Police Department, testified that in his opinion appellant wrote his own name on the "pay to order of" line, and that appellant also endorsed the check. Queen also said appellant did not write the other words on the face of the check.

Appellant argues that when the intent to defraud is the gist of the offense, the State must prove facts from which such an intent is deductible beyond a reasonable doubt, and in the absence of such proof a conviction will not be justified. Appellant cites *Stuebgen v. State*, 547 S.W.2d 29 (Tex.Cr. App.1977) to support his contention. *Stuebgen* may be distinguished from the instant

case. In *Stuebgen* at p. 32 the court said: "No evidence was introduced to show that anything appearing on the check was in appellant's handwriting," while here there was uncontradicted evidence that appellant wrote in his name as the payee, and endorsed it in his own handwriting.

Appellant also cites *Arnwine v. State,* 167 Tex.Cr.R. 386, 320 S.W.2d 353 (1959). That is a theft by false pretext case based upon the giving of a worthless check. That case says that the intent to defraud is the gist of the offense, and such intent must have existed at the time the check was given. *Arnwine* is not helpful on the insufficient evidence ground.

 *Colburn v. State,* 501 S.W.2d 680 (Tex.Cr.App.1973) is cited for the proposition that there is no testimony that appellant represented that the check was given to him for any specific purpose. It was held there that there was sufficient circumstantial evidence for the court to find that appellant knowingly passed a forged instrument with intent to defraud. The court in the instant case gave a circumstantial evidence charge, and, in our view, *Colburn* does not require proof of a specific reason for having the check or a specific assurance that it is good in order to make a circumstantial evidence case.

We believe the rule enunciated in *Pfleging v. State,* 572 S.W.2d 517, 519 (Tex. Cr.App.1978) applies here. The court there said:

Under this statute, the definition of forgery requires as an˜ element of the offense an intent to defraud or harm....

Thus, it is clear that intent to defraud or harm is a necessary element of the offense of forgery and the burden is upon the State to prove every element of the offense charged....

The State may, of course, establish intent to defraud or harm by circumstantial evidence.

See *Hill v. State,* 608 S.W.2d 932, 934 (Tex. Cr.App.1980).

We hold that the evidence is sufficient to sustain a conviction. Appellant's ground of error is overruled.

Judgment of the trial court is affirmed.