**James Edward TATUM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00323–CR.**

Court of Appeals of Texas,
San Antonio.

April 20, 1983.

Peter Kyle, Jr., David Chapman, San Antonio, for appellant.

Bill White, Dist. Atty., Sharon MacRae, Stephen J. Vacek, Jr., James L. Bruner, Asst. Dist. Attys., San Antonio, for appellee.

Before BUTTS, CANTU and TIJERINA, JJ.

OPINION

BUTTS, Justice.

This is an appeal from a conviction for forgery (repeater) wherein the trial court assessed punishment at ten (10) years. We affirm.

The record reflects that appellant waived trial by jury and entered a plea of *nolo contendere* to the offense, which the trial court accepted after duly admonishing appellant according to Tex.Code Crim.Proc. Ann. art. 26.13 (Vernon Supp.1982). The indictment alleged, in pertinent part:

> ... on or about the 27th day of August, 1980, James Edward Tatum ... did then

and there knowingly and intentionally with intent to defraud and harm another, pass to Patricia Millman a writing, namely: an American Express Money Order that had been made, executed, and completed so that it purported to be the act of another who did not authorize the act, and the said defendant knew said Money Order was forged and which said Money Order is to the tenor following:

[A photocopy of the face of the money order showing it payable to Stereo International in the sum of $155.00, with "Joseph Sims" the maker.]

Abandoning the *"Anders"* brief first filed which indicated no ascertainable errors, appellant now argues unassigned error on appeal that the evidence is insufficient to sustain the conviction for forgery. *See Benjamin v. State,* 621 S.W.2d 617, 619 (Tex.Cr.App.1981).

To sustain this conviction for passing a forged check there must be proof that the check was forged. Section 32.21(a)(1)(B) of the Texas Penal Code (Vernon 1974). To prove that the instrument was forged the proof must show that the purported maker did not authorize the defendant to make the check. Section 32.21(a)(1)(A)(i); *Payne v. State,* 567 S.W.2d 4, 5 (Tex.Cr.App.1978).

The State presented its proof in the form of sworn written statements from the purported maker, Sims, from the American Express clerk at the travel agency to whom appellant presented the money order for cash, and from the investigating officers: 1) Sims stated under oath his house had been burglarized three times and personal items with his name thereon taken. He stated he did not know the appellant and had not given him permission to sign his name or use his identification. 2) The clerk, Patricia Millman, stated under oath that appellant handed her the money order to cash and presented the identification of Sims, the purported maker. She took the money order and telephoned the issuing bank in Denver to verify it, discovering the money order was stolen. She called the police. 3) The arresting officer stated under oath that the appellant identified himself to the officer as Joseph Sims, but that a fingerprint comparison revealed him to be James Tatum. The affidavit of appellant acknowledges "the foregoing waiver and consent to stipulation of testimony and stipulations and that he fully understands the same, and that the same is all true and correct. . . . "

■ We know from *Minix v. State,* 579 S.W.2d 466, 467 (Tex.Cr.App.1979), and cases there cited, that setting out the check *haec verba* in the indictment eliminates the need for the State to allege that the forged instrument purports to be the act of another so long as the name of the maker is different from the name of the defendant. However, section 32.21(a)(1)(A)(i) does require an allegation that the instrument purports to be the act of another "who did not authorize that act." *Id.* at 467.

■ Because the gist of the offense of forgery is the "intent to defraud or harm," it becomes necessary in a "passing" case for the State to prove the defendant had knowledge the instrument was forged. *Pfleging v. State,* 572 S.W.2d 517, 519 (Tex. Cr.App.1978). Of course, that proof may be made by circumstantial evidence. *Id.* at 519. In the present case the record reflects that appellant represented himself to be Joseph Sims, the maker of the money order; he presented false identification to show that he was Sims. Unlike *Pfleging* in which the defendant did not present false identification but rather used her own name and identification, here the appellants' acts could be proved to show his knowledge that the instrument was forged and thus, his intent to defraud or harm.

■ Under Tex.Code Crim.Proc.Ann. art. 27.02(5) (Vernon Supp.1982) the legal effect of a plea of *nolo contendere* is the same as a plea of guilty insofar as criminal prosecution is concerned. *Sowell v. State,* 503 S.W.2d 793, 795 (Tex.Cr.App.1974); *Lucero v. State,* 502 S.W.2d 750, 752 (Tex.Cr.App. 1973).

In light of the proof presented, we hold the trial judge as the trier of facts received sufficient evidence to sustain the convic-

tion. The ground of error is overruled. We have considered the pro se brief of appellant and find no error is presented.

The judgment is affirmed.