Randy Edward **GOODRUM**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. A14–85–103–CR, B14–85–119–CR.

Court of Appeals of Texas,
Houston (14 Dist.).

Oct. 31, 1985.

Clyde Williams, Houston, for appellant.

John B. Holmes, Dist. Atty., James C. Brough, Lee V. Coffee, Asst. Dist. Attys., Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

JUNELL, Justice.

Randy Edward Goodrum appeals convictions for forgery and burglary. After the jury rendered guilty verdicts, the court assessed punishment at 15 years imprisonment on each offense. Appellant brings four grounds of error: (1) the evidence of forgery was insufficient to show appellant possessed the requisite intent to harm or defraud, (2) the evidence was insufficient to establish appellant committed a burglary, (3) the element of ownership of a building was never established to prove burglary and (4) the trial court erred in sentencing appellant to a term of years exceeding the penalty range for forgery.

We affirm the judgment on the burglary charge.

We affirm the judgment on the forgery charge and remand to the trial court for reassessment of punishment.

On the night of May 9, 1984, a burglary was committed at Galaxy Steel, Inc. in Houston, Texas. Among the items taken were several company checks and a microwave oven. On the morning of May 10, 1984 appellant attempted to cash a Galaxy Steel check at the drive-in window of South Main Bank. The check was made payable to him and purportedly signed by Richard Wilson, Galaxy Steel's president. When the bank teller recognized the signature was forged, she asked appellant to wait, then contacted the bank's vice president and security guard. The vice president called Wilson, who verified he had not signed the check.

After the call to Wilson the security guard asked appellant to come inside the bank to discuss a problem with the check. Appellant told the security guard that he had received the check from Richard Wilson the night before as payment for some machinery.

A Houston police officer arrived and questioned the appellant. The police officer testified appellant claimed to be cashing the check for a friend named Armstrong. An inventory search of appellant's van revealed a microwave oven which Wilson identified by serial number as the oven stolen on the previous night from Galaxy. Appellant was arrested and taken to the police station. At trial appellant claimed he had received the check from a man named Joey Harris as payment for hauling machinery to Louisiana. Appellant claimed he bought the microwave from Harris as a Mother's Day present for his wife.

Appellant's first ground of error asserts that evidence was insufficient to show appellant knew the check was forged and possessed the requisite intent to harm or defraud. In *Meade v. State*, 641 S.W.2d 345 (Tex.App.—Corpus Christi 1982, no pet.) the court held that circumstantial evidence was sufficient to establish an intent to harm or defraud in a forgery case. In *Meade*, the defendant presented the check within a day after it had been stolen, stated he had obtained the check from one other than the purported drawer, and gave conflicting stories as to how he had gained possession of the check.

■ The facts in the instant case are similar in some respects to those in *Meade.* Appellant presented the check within hours after it had been stolen and gave conflicting stories of how he gained possession of the check. After telling the security guard he had received the check from Wilson, appellant told police officer Johnson, who had been sent to the bank to take custody of appellant, he had received the check from a friend named Armstrong and was supposed to cash the check for Armstrong. The circumstantial evidence was sufficient to show that appellant possessed an intent to harm or defraud. Appellant's first ground of error is overruled.

■ Appellant's second ground of error claims the evidence was insufficient to prove beyond a reasonable doubt that appellant committed the burglary of a building. Where the state shows that a burglary has been committed by someone and the defendant is shortly thereafter found in possession of all or a part of the property taken, and makes no reasonable explanation thereof or a reasonable contention as to such possession, the facts are sufficient to support a conviction for burglary. *Lopez v. State,* 472 S.W.2d 771, 773 (Tex. Crim.App.1971).

Wilson and his shop foreman Jack Snook testified a burglary occurred at Galaxy Steel during the night of March 9, 1984. The next day appellant was found in possession of a stolen forged Galaxy Steel check and Galaxy Steel's stolen microwave oven. Appellant gave conflicting stories as to where he got the check. Appellant's initial claim that he received the check from Wilson as payment for an engine lathe was shown to be false and his later story of having received it from a man named Harris was never substantiated.

Appellant relies on *McKibben v. State,* 687 S.W.2d 513 (Tex.App.—Houston [14th Dist.] 1985, no pet.); however, there are many factual differences between that case and the instant case that prevent *McKibben* from supporting appellant's contentions here. In *McKibben* the evidence was insufficient to show the burglary took place before McKibben was arrested and jailed. The vehicle impounded when McKibben was arrested was not searched until two days after the arrest and there was no evidence McKibben ever had personal possession of the property found under the dashboard of the vehicle or ever asserted any right to the property.

In *Rodriguez v. State,* 549 S.W.2d 747 (Tex.Crim.App.1977) the court said:

An inference or a presumption of a defendant's guilt of a burglary or of a theft sufficient to sustain a conviction may arise from the appellant's possession of property stolen or taken in a recent burglary. However, in the prosecution for either a theft or a burglary, to warrant such an inference or presumption of guilt from the circumstances of possession alone, such possession must be personal, must be recent, must be unexplained, and must involve a distinct and conscious assertion of right to the property by the defendant.

■ In *McKibben* the evidence did not satisfy the requirements of *Rodriguez.* The facts of the instant case do comply with *Rodriguez.* Appellant had the stolen check and property in his possession the morning after the burglary. He claimed to have gained possession legally. One of his explanations of how he gained possession was shown to be false; another was unsubstantiated. The items stolen were shown to have been taken by someone who entered the building without the owner's permission. The burglary occurred while the appellant was at large. We find the evidence sufficient to support a conviction for burglary. Appellant's second ground of error is overruled.

■ In his third ground of error, appellant claims the element of ownership of the burglarized building was never established to prove the offense of burglary. It is well established in Texas that in a burglary prosecution it is not required that the sole and unconditional ownership either of a building or of the property therein shall be in the name of the person alleged to be the owner. *Chambers v. State,* 630 S.W.2d

413, 418 (Tex.App.—Houston [14th Dist.] 1982, no pet.). Evidence that a manager had care, custody, and management of the premises at the time in question is sufficient to support the allegation as to ownership. *Salas v. State*, 548 S.W.2d 52, 54 (Tex.Crim.App.1977). Galaxy Steel's shop foreman Snook testified he had care, custody, and control of the building of Galaxy Steel. This evidence is sufficient to establish the element of ownership of the burglarized premises. Appellant's third ground of error is overruled.

 Appellant's fourth ground of error claims the court erred in sentencing appellant to a term of years exceeding the penalty range for forgery. The court sentenced appellant to 15 years imprisonment. Section 32.21(d), Tex.Penal Code Ann. (Vernon 1974), states forgery of a check is a third degree felony. Section 12.34, Tex.Penal Code Ann. (Vernon 1974), sets punishment for third degree felonies at imprisonment from 2 to 10 years. The Court of Appeals does not have jurisdiction to reform a verdict unauthorized by law. *Bogany v. State*, 661 S.W.2d 957 (Tex.Crim.App. 1983). We affirm the forgery conviction and remand it to the trial court for reassessment of punishment and resentencing.

We affirm the burglary conviction. The forgery conviction is affirmed and remanded for reassessment of punishment and resentencing.