11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Nancy C. Kilough

Appellant

Vs.                   No.
11-02-00253-CR B Appeal from Callahan County

State of Texas

Appellee

 

The jury
found appellant guilty of forgery by passing a forged check.  The court assessed appellant=s punishment at confinement for one year in a
state jail facility.  Appellant
appeals.  We affirm.

In a sole
point of error, appellant contends that the evidence is legally insufficient to
show that appellant possessed the necessary intent to defraud or harm any
person.

In order
to determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime beyond
a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664
(Tex.Cr.App.2000).  The same standard
applies in both  direct and
circumstantial evidence cases.  Geesa v.
State, 820 S.W.2d 154, 160 (Tex.Cr.App.1991). 
Jurors are free to use their common sense and to apply common knowledge,
observation, and experience gained in the ordinary affairs of life when giving
effect to the inferences that may reasonably be drawn from the evidence.  Obigbo v. State, 6 S.W.3d 299, 306 (Tex.App.
- Dallas 1999, no pet=n).

To prove
that appellant committed forgery by passing, the State was required to show
that appellant (1) with the intent to defraud or harm another (2) passed a
writing (3) that purported to be the act of another (4) who did not authorize
the act.  See Williams v. State, 688
S.W.2d 486, 488 (Tex.Cr.App.1985).








Vivian
Cauthen, an employee of Baird Drive Inn, testified that on May 4, 2000,
appellant Apassed@ to her a check (No. 1219) on the account of AEdward Jones@ in the amount of $109.29. 
Cauthen stated that she did not see anybody sign the check and that the
check was Aalready signed@ when it was handed to her by appellant.  Cauthen testified that, at appellant=s request, Cauthen filled in the payee (ABDI@) and the amount (A109.29").  Cauthen also
wrote appellant=s home and work telephone numbers on the
check, along with the license plate number of the car that appellant was
in.  Cauthen stated that appellant got
some merchandise and $40 in cash. 
Cauthen stated that appellant said that Athat was her only check and she needed to go to the dentist.@  The
check had the word ALone@ written in the AMEMO@ space.  The Baird Drive Inn
incurred a financial loss of $109.29. 
When Cauthen attempted to telephone appellant, she only got an answering
machine.  Cauthen left a message, but
appellant never answered her call.

Edward H.
Jones identified Check No. 1219 as a check from his account.  The check had Jones=s name, address, and check number printed on the
face of the instrument.  Jones testified
that he did not sign the check and that he did not authorize anyone else to
sign the check.  He stated that he knew Awho@ appellant was and that appellant was a friend of his girlfriend=s sister. 
Jones stated that he last saw the check when it was in his pickup in a
checkbook.  Jones did not know when the
checkbook was Ataken.@  Appellant did not testify and
closed when the State rested.

Appellant
cites Pfleging v. State, 572 S.W.2d 517, 519 (Tex.Cr.App.1978), and argues that
the State failed to prove the requisite culpable mental state, Aintent to defraud or harm,@ because the State failed to prove that
appellant knew that the check was forged when she passed it to Cauthen.








The
circumstances in this case are Asuspicious@
enough that the jury could properly conclude that appellant knew the check was
forged.  Huntley v. State, 4 S.W.3d 813
(Tex.App. - Houston [1st Dist.] 1999, pet=n ref=d). 
Appellant had in her possession a check which showed to be signed by
Edward Jones.  The signature of Jones
was forged.  The check did not name a
payee and was not made for a certain amount. 
Appellant asked Cauthen to fill in the name of the payee and the amount
of the check.  The check had the word ALone@ written following the AMEMO@ designation.  Appellant knew that Jones had not made her a loan.  This was a false statement on the
check.  Appellant=s statement to Cauthen that the check Awas her only check and she needed to go to
the dentist@ was a false statement.  The blank check (except for the forged
signature of the maker) showed that it was Jones=s check, not appellant=s check.  The suspicious
circumstances in this case, when viewed in their totality, would permit a
rational jury to conclude by the State=s circumstantial evidence that appellant knew the check was
forged.  The cases cited by appellant
are factually distinguishable.  We hold
that the evidence is legally sufficient to support the conviction.  Appellant=s sole point of error is overruled.

The
judgment of the trial court is affirmed.

 

AUSTIN
McCLOUD

SENIOR
JUSTICE

 

January 23, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

McCall, J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.