IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-05-00395-CV

 

In re
Richard Ohendalski

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 








          The petition for writ of prohibition
is denied.  Petitioner’s motion to immediately issue the requested writ of
prohibition is dismissed as moot.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Petition denied

Opinion delivered and
filed November 23, 2005

[OT06]

 






gnatures. The State
presented no direct evidence of the actual signer of check no. 1610.
          We believe the rule enunciated in Sheffield v. State, 645 S.W.2d 571, 573 (Tex. Crim.
App. 1982) (quoting Pfleging v. State, 572 S.W.2d 517, 519 (Tex. Crim. App. 1978) applies here:
Under this statute, the definition of forgery requires as an element of the offense
an intent to defraud or harm . . . . 
Thus, it is clear that intent to defraud or harm is a necessary element of the offense
of forgery and the burden is upon the State to prove every element of the offense charged
. . . .
The State may, of course, establish intent to defraud or harm by circumstantial
evidence.

Sheffield, 645 S.W.2d at 573.
          Appellant's sole point attacks the sufficiency of the evidence to sustain his conviction. 
Evidence will sustain a conviction if, viewing it in the light most favorable to the verdict, any
rational trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Butler v. State, 769 S.W.2d 234, 239 (Tex. Crim. App. 1989).   A conviction based on
circumstantial evidence cannot be sustained if the circumstances do not exclude every other
reasonable hypothesis except that of the defendant's guilt. Johnson v. State, 673 S.W.2d 190, 195
(Tex. Crim. App. 1984). Every circumstantial evidence case must be tested by its own facts to
determine the sufficiency of the evidence to support the conviction. Id.
          We believe that the nature of the relationship which developed between Moore and
Appellant, that Appellant had access to Moore's checkbooks without authority to sign checks, and
the facts surrounding the presentation of check no. 1610 to the bank by Appellant, exclude every
reasonable hypothesis other than Appellant's guilt. See Johnson, 673 S.W.2d at 195. 
          Viewing the evidence in the light most favorable to the verdict, we believe that any rational
trier of fact could have found the essential elements of the crime, including intent to defraud or
harm, beyond a reasonable doubt. See Butler, 769 S.W.2d at 239. We overrule Appellant's point
and affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas, Justice Cummings,
          and Justice Vance
Affirmed
Opinion delivered and filed February 7, 1991
Do not publish