In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00132-CR
______________________________


BRENDA KAY DAVIS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 20678


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Brenda Kay Davis was convicted by a jury of the felony offense of forgery.


 The
offense was enhanced to a first-degree felony because Davis had two prior felony
convictions.


 The trial court sentenced Davis to twenty-five years' imprisonment. Davis
appeals, and, in a single point of error, contends the trial court abused its discretion in
allowing testimony that Davis was involved in a homosexual relationship. She contends
that evidence of her relationship with another woman, Wendy Neal, was irrelevant, or
alternatively, that the probative value of that evidence was substantially outweighed by the
danger of unfair prejudice. We overrule these contentions and affirm the judgment.
Background
          Davis was a passenger in a truck in Blossom, Texas. Tom Barr, a Lamar County
deputy sheriff, stopped the driver of the truck. After approaching the truck, Barr noticed
two open cans of beer in the truck and determined that the driver of the vehicle was under
the age of twenty-one. Barr also determined that the driver was driving without a license
or proof of insurance. Barr arrested the driver and then arrested Davis for violating the
open container law and for furnishing alcohol to a minor.
          Barr conducted an inventory of the truck after the arrests. He found ten counterfeit
$10.00 bills in the truck's console. Barr also found an address book on the floorboard,
containing several credit cards and uncashed checks that did not belong to Davis. Davis
was taken to the Lamar County jail, where she was searched. That search uncovered
$78.00 in counterfeit money in one of Davis' pockets. 
          The State introduced evidence that Davis was involved in a romantic relationship
with Neal. The State presented the shift sergeant at the Lamar County jail, who testified
Neal had visited Davis approximately twenty-eight times during her stay there. The
sergeant also testified Davis and Neal referred to each other as "wife." The State
presented an investigator with the Collin County Sheriff's Office, who testified Davis and
Neal were "girlfriends" or "significant others." The State also introduced evidence that Neal
had been investigated for forgery and that investigators had found a scanned image of
United States currency on her home computer. 
Standard of Review
          We review the trial court's decision to admit or exclude evidence under an abuse
of discretion standard. See Green v. State, 934 S.W.2d 92, 101–02 (Tex. Crim. App.
1996); Montgomery v. State, 810 S.W.2d 372, 379–80 (Tex. Crim. App. 1990). We will not
reverse a trial court whose ruling was within the "zone of reasonable disagreement." 
Green, 934 S.W.2d at 102; Montgomery, 810 S.W.2d at 391 (op. on reh'g).
Evidence Was Relevant
          Evidence that is not relevant is inadmissible. Tex. R. Evid. 402. Evidence is
relevant if it has any tendency to make the existence of any fact that is of consequence to
the determination of the action more or less probable than it would be without the
evidence. Tex. R. Evid. 401. There is no purely legal test to determine whether evidence
will tend to prove or disprove a proposition; it is a test of logic and common sense. Miller
v. State, 36 S.W.3d 503, 507 (Tex. Crim. App. 2001).
          The jury charge in this case allowed conviction under two theories. One, the jury
could convict Davis if it found she possessed counterfeit money with the intent to defraud
or harm another. Two, the jury could convict Davis if it found that she aided or attempted
to aid Neal in the commission of forgery. 
          Under the first theory, it was necessary for the State to prove Davis knew the
counterfeit money she possessed was actually counterfeit. See Chesteen v. State, 712
S.W.2d 553, 554 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd). It is impossible to form
the intent to defraud or harm someone by using counterfeit money without the prior
knowledge that the money is counterfeit. See Pfleging v. State, 572 S.W.2d 517, 519
(Tex. Crim. App. [Panel Op.] 1978). If Davis was associated with people involved in
forgery, the jury could draw the inference it was more probable she had the requisite prior
knowledge. To this end, the State introduced evidence of the relationship between Davis
and Neal. The fact that Davis had a close relationship with someone who had been
investigated for forgery made it more probable she knew the money she possessed at the
time of her arrest was forged. 
          Under the second theory, that Davis had aided or attempted to aid Neal in
committing forgery, it was important for the State to prove whether, and how well, Davis
knew Neal. The fact that Davis had a close and intimate relationship with Neal made it
more probable she had attempted to aid Neal in the commission of forgery than if the two
women had been strangers or mere acquaintances. Therefore, the evidence of the
relationship between Davis and Neal was relevant.
Probative Value Not Outweighed by Unfair Prejudice
          Davis further contends that, even if the evidence of her relationship with Neal was
relevant, that evidence should not have been admitted because the probative value of the
evidence was substantially outweighed by the danger of unfair prejudice. 
          Evidence which is relevant and otherwise admissible may be excluded if its
probative value is substantially outweighed by the danger of unfair prejudice. Tex. R. Evid.
403. "Unfair prejudice" does not simply mean that the evidence will injure or prejudice the
opponent's case which is, after all, the central point of offering evidence. Garrett v. State,
998 S.W.2d 307, 316 (Tex. App.—Texarkana 1999, pet. ref'd, untimely filed). Rather, it
refers to an undue tendency to suggest decision on an improper basis, commonly, though
not necessarily, an emotional one. Rogers v. State, 991 S.W.2d 263, 266 (Tex. Crim. App.
1999).
          A Rule 403 balancing test includes the following factors: 1) how compellingly the
extraneous act serves to make a fact of consequence more or less probable; 2) the
potential that the evidence of the other act has to impress the jury in some irrational but
nevertheless indelible way; 3) the time the proponent will need to develop the evidence,
during which the jury will be distracted from consideration of the indicted offense; and
4) the force of the proponent's need for this evidence to prove a fact of consequence, i.e.,
does the proponent have other probative evidence available to help establish this act, and
is this act related to an issue in dispute. Wyatt v. State, 23 S.W.3d 18, 26 (Tex. Crim. App.
2000).
          We will assume, for the purposes of this discussion, that evidence a defendant was
involved in a homosexual relationship amounts to unfair prejudice. Applying the four
factors noted above, we hold that the danger of unfair prejudice in this case did not
substantially outweigh the probative value of the evidence. 
          First, evidence Davis had a close relationship with Neal certainly made it much more
probable that she aided her in the commission of forgery. Second, we are aware that
evidence of this nature may have a tendency to influence some jurors in an irrational
manner, but we are not convinced that influence would be of such a magnitude as to be
indelible. Third, the State used very little time to develop this evidence, presenting two
witnesses who testified very briefly about Davis' relationship with Neal. Finally, the State
needed evidence that Davis had some relationship with Neal in order to prove its theory
that she aided Neal in the commission of forgery.
Conclusion
          This Court will reverse only on a clear abuse of discretion. See Ransom v. State,
920 S.W.2d 288, 299 (Tex. Crim. App. 1994) (op. on reh'g). We hold the evidence that
Davis was involved in a homosexual relationship with Neal was relevant and the probative
value of that evidence was not substantially outweighed by the danger of unfair prejudice. 
The trial court, therefore, operated within the boundaries of its discretion. 
          We affirm the judgment.


                                                                Donald R. Ross
                                                                Justice
 
Date Submitted:      February 1, 2006
Date Decided:         March 2, 2006

Do Not Publish