Affirmed and Memorandum Opinion filed July 25, 2006









Affirmed and Memorandum Opinion filed July 25, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00509-CR

____________

 

JAMES WILLARD GADDIE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

 

On Appeal from the 185th District Court

Harris County, Texas

Trial Court Cause No. 1006386

 

 

 

M E M O R
A N D U M   O P I N I O N

            Appellant
James Willard Gaddie appeals his conviction for forgery of a commercial
instrument.  Appellant asserts that the evidence is factually insufficient to
support his conviction, and that the trial court erred in admitting an
extraneous offense of forgery.  We affirm. 








I.  Factual and Procedural Background

            Appellant reported to the police that
he was a victim of identify theft.  Later, appellant attempted to cash forged
checks using identification that he claimed had been stolen from him.  At
trial, the State presented evidence of the following events to show how
appellant orchestrated the scheme. 

            In late
January 2004, appellant ordered a duplicate driver’s license from the Texas
Department of Public Safety.  The day after, appellant flagged down Officer
Rodolfo Madrid of the Houston Police Department, to report that he had been a
victim of theft several days before.  Appellant explained how the theft
occurred, telling the officer that he was having car trouble and an unknown man
stopped to help him.  According to appellant, this Good Samaritan then drove
with appellant (in appellant’s car) to a mechanic to get the car fixed. 
Appellant did not know the name of the mechanic nor could he say where the
mechanic was located.  After appellant’s car was fixed, the man and appellant
went to a nightclub where both of them became intoxicated.  Appellant stated
that the mystery man managed to slip appellant’s keys out of his pants’
pockets, went to appellant’s car and stole his ATM card, checkbook, driver’s
license, and cellular phone.  The man then returned appellant’s keys to him. 
Appellant claims that it was because of this theft that he ordered the
duplicate driver’s license.  Appellant, however, did not obtain a new driver’s
license number. 

             Several
months after this chain of events, on September 25, 2004, an individual, later
identified as appellant, walked into a bank and cashed a forged check. 
Appellant was the payee on the check.  He showed the bank teller his driver’s
license for identification, the one he claimed had been stolen several months
before. A few weeks later, on October 14, 2005,[1]
appellant went to another bank and attempted to cash another forged check made
payable to him.  While in possession of appellant’s driver’s license, the bank
teller, Robbie Perry, told appellant that she would need to authorize payment
of the check before she could cash it.  Appellant told her that he had to turn
his truck off but would be right back.  Appellant, however, fled on foot and
never returned.   

            Both of the
bank tellers visually compared the driver’s license photo to appellant at the
times appellant attempted to cash the checks and each bank teller stated that
the person presenting the check appeared to be the person in the driver’s
license photo.  In addition, both tellers separately identified appellant in a
photospread as the man who presented the forged checks in their respective banks.


            Appellant was
charged by indictment with forgery of a commercial instrument and pleaded “not
guilty” to the offense.  The jury returned a verdict of “guilty” and sentenced
appellant to two years’ confinement in the state jail. 

 II.  Analysis 

            A.        Is the evidence factually
insufficient to support appellant’s conviction for forgery of a commercial
instrument? 

            

            In his first
issue, appellant challenges the factual sufficiency of the evidence supporting
his conviction for forgery.  When evaluating a challenge to the factual
sufficiency of the evidence, we view all the evidence in a neutral light and
inquire whether the jury was rationally justified in finding guilt beyond a
reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).  A reviewing court may find the evidence factually insufficient in
two ways.  Id.  First, when considered by itself, the evidence
supporting the verdict may be too weak to support the finding of guilt beyond a
reasonable doubt.  Id.  Second, after weighing the evidence supporting
the verdict and the evidence contrary to the verdict, the contrary evidence may
be strong enough that the beyond-a-reasonable-doubt standard could not have
been met.  Id. at 484–85.  In conducting the factual-sufficiency review,
we must employ appropriate deference so that we do not substitute our judgment
for that of the fact finder.  Id. at 481–82.  Our evaluation should not
intrude upon the fact finder’s role as the sole judge of the weight and
credibility given to any witness’s testimony.  Cain v. State, 958 S.W.2d
404, 407 (Tex. Crim. App. 1997).  In conducting a factual-sufficiency review,
we must discuss the evidence appellant claims is most important in allegedly
undermining the jury’s verdict.  Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

            One commits
the offense of forgery if he (1) forges (2) a writing (3) with intent to
defraud or harm another.  Ex parte Porter, 827 S.W.2d 324, 327 (Tex.
Crim. App. 1992) (opinion on rehearing); Tex.
Pen. Code Ann. § 32.21(a), (b) (Vernon Supp. 2005).  Appellant asserts
that the evidence is factually insufficient to show his identity.[2] 
Specifically, appellant points to the following evidence as undermining the
jury’s verdict:   

(1) the
mystery man who stole his driver’s license was the one who used it at the
banks; 

(2) the
bank tellers’ identifications of appellant were influenced because both tellers
previously had viewed his driver’s license photo; 

(3)
because the bank teller at the first bank failed to get a fingerprint, a customary
procedure at her bank, she would not likely admit the “truth”—that she never
actually compared the driver’s license to the man cashing the check; 

(4) the
bank tellers’ testimony that appellant was thinner when he presented the
checks, and the videotape from the second bank showing a lighter-skinned,
thinner man suggests that someone other than appellant committed the offense;
and finally, 

(5) the difference between appellant’s signature on
his driver’s license and the signatures on the forged checks indicates that
someone else committed the offense.

            The jury,
being the sole judge of the facts and credibility of the witnesses, could
choose to believe or not believe the bank tellers’ testimony, or any portion of
their testimony. Esquivel v. State, 506 S.W.2d 613, 615 (Tex. Crim. App.
1974).  The jury also could choose to disbelieve all or part of appellant’s
testimony.  Id.  Further, a witness may be believed even though
some of her testimony may be contradicted and part of her testimony accepted and
the rest rejected.  See Jackson v. State, 505 S.W.2d 916, 918 (Tex.
Crim. App. 1974).  We may not substitute our judgment for that of the jury. King
v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).  The videotape, the
forged checks, and a copy of appellant’s driver’s license were admitted as
exhibits at trial.  Whether the man in the videotape was the same man who
presented the forged checks was an issue of credibility for the jury to
decide.  Any discrepancies between appellant’s signature on his driver’s
license and the signatures on the forged checks, was also a matter for the
jury.  Moreover, appellant did not present any evidence demonstrating that
these signatures were not the same.  Without any other evidence or handwriting
samples, the jury could have found that the signatures were the same.  

            Based on the
evidence presented at trial, we cannot conclude that the evidence is too weak
to support the finding of guilt beyond a reasonable doubt.  Viewing this
evidence in a neutral light, it is factually sufficient to allow a rational
juror to find beyond a reasonable doubt that appellant committed forgery.  See
Anderson v. State, 621 S.W.2d 805, 808 (Tex. Crim. App. 1981) (holding
evidence sufficient when viewing the fact of defendant’s flight from bank
premises, together with his assistance in obtaining new identification photo
card immediately before forged checks were presented to bank teller via teller
machine); Wilson v. State, 605 S.W.2d 284, 286 (Tex. Crim. App. 1980)
(holding evidence sufficient when defendant attempted to cash paycheck on which
signatures of both payee and maker were forged and that, when asked for
identification, defendant falsely stated that he had lost his driver’s
license); Stone v. State, 823 S.W.2d 375, 381 (Tex. App.—Austin 1992,
writ ref’d) (concluding that jury’s verdict finding defendant guilty of
forgery by possession was not so contrary to overwhelming weight of evidence as
to be clearly wrong and unjust, though defendant claimed that someone ahead of
him in line at check-cashing establishment had left check and false
identification at counter); Goodrum v. State, 700 S.W.2d 630, 632 (Tex.
App.—Houston [14 Dist.] 1985, writ ref’d) (holding that conviction for forgery
was supported by sufficient evidence, including defendant’s presentation of
check within hours after it had been stolen and his conflicting stories of how
he gained possession of check).  Accordingly, we overrule appellant’s first
issue. 

            B.        Did the trial court abuse its
discretion in allowing the extraneous forgery offense into evidence? 

 

            In his second issue, appellant
contends the trial court abused its discretion in allowing evidence of an
extraneous offense of forgery because he never received notice of the State’s
intent to use it.  More specifically, appellant contends the trial court should
not have allowed evidence of the October 14, 2005 forgery offense during his
trial of the September 25, 2005 forgery offense.  The State responds that
appellant failed to preserve error for appellate review of this complaint.
Thus, we first examine the record to determine if error was preserved in the
trial court. 

            At trial,
appellant made the following objection in connection with Officer Johnson’s
testimony regarding the October 2005 extraneous offense:

            Q: [The State]:                       Okay.
What was that?

A: [Officer Johnson]:            Additional case was
filed by another bank by another company where he left his driver’s license and
the other counterfeit check at that branch.

            Q:[The State]:                        Okay.
And was that before or after–

                        [Defense Counsel]:   Your
Honor–

            Q: [The State]:                       –September
25th? 

                        [The State]:                 Your
Honor, this is the subject of a motion in limine as well.

                        [The Court]:               Counsel,
you haven’t presented any motions in limine to the Court.

                        [Defense Counsel]:   Your
Honor, I think we filed a motion in limine in this case. 

                        [The Court]:               Certainly
never presented it.  You may proceed.

                        [Defense Counsel]:   Your
Honor, may we approach?

                        (At
the bench, on the record)

                        [Defense Counsel]:   Your Honor, I think we reserve
the right to raise our motion in limine anytime we get into an issue–

                        [The Court]:               Counsel,
you never presented it to me. I don’t know how you expect me to just know it’s
there. 

                        [Defense Counsel]:   Your Honor,
I didn’t think we’d get into it, but now since we’re getting into it, I’ve got
to raise the argument.  I’ve got a motion in limine on file.  I’d like to
present it to the Court.              

 

            Not only did appellant fail to secure
an adverse ruling, he made no other objection to this evidence at trial.  Appellant’s
only objection was his vague reference to the motion in limine on file;
appellant made no objection to any lack of notice.[3] 
However, on appeal, appellant’s only argument is that the State did not
provide  notice of its intent to offer evidence of appellant’s October 14, 2005
forgery offense in the trial of his September 25, 2005 forgery offense.  An
objection at trial must comport with the complaint on appeal. See Broxton v.
State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (to preserve error for
appellate review, complaint on appeal must comport with objection at trial, and
an objection stating one legal theory may not be used to support a different
legal theory on appeal); see also Tex.
R. App. P. 33.1(a) (to preserve complaint for appellate review, a party
must present an objection stating the specific grounds for the ruling
desired).  Because appellant failed to assert any notice objection at trial, he
failed to preserve error. Accordingly, appellant’s second issue is overruled.

            We affirm the
trial court’s judgment. 

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

 

Judgment rendered and Memorandum
Opinion filed July 25, 2006.

Panel consists of Justices Anderson,
Edelman, and Frost.

Do Not Publish — Tex. R. App. P. 47.2(b).









[1] 
The parties disagree on the date that appellant attempted to cash the second
check. The State contends that it was October 1, 2005, and appellant states it
was October 10, 2005.  The check is dated October 1, 2005, but the bank teller,
Robbie Terry, testified that appellant presented this check on October 14,
2005. 





[2] 
Although it appears that appellant filed a pre-trial motion to suppress the
photographic identifications, appellant has not raised that motion as a
separate issue in this appeal. Thus, in this appeal, we do not address whether
appellant’s motion to suppress should have been granted. 





[3] 
We note that appellant’s motion in limine by itself does not preserve any error
for appellate review.  Webb v. State, 760 S.W.2d 263, 275 (Tex. Crim.
App. 1988).