Charles JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 42523.

Court of Criminal Appeals of Texas.

Jan. 21, 1970.

Joe E. Turner, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Phyllis Bell, and Ted Hirtz, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is attempted burglary; the punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., life.

Appellant expressly does not challenge the sufficiency of the evidence to sustain the jury's verdict of guilty as to the instant offense. His grounds of error are directed to the hearing on punishment before the court.

Initially, he contends that one of the prior convictions alleged for enhancement, burglary of a motor vehicle with an intent to commit theft in Cause No. 3084 in the 142nd District Court on June 8, 1964, was not available to the State for enhancement since State's Exhibit No. 4 failed to reveal an entry of a judgment in said cause.

■ At the hearing on punishment the State, in order to prove the prior convictions alleged for enhancement, offered into evidence the authenticated prison records relating to such convictions from the Texas Department of Corrections, including fingerprints of the appellant. The testimony of a fingerprint expert that such fingerprints were the same as fingerprints recently taken from the appellant was also offered. This method of proof for establishing as a historical fact the prior convictions alleged has repeatedly been upheld by this Court. Graham v. State, Tex.Cr.

App., 422 S.W.2d 922; Broussard v. State, Tex.Cr.App., 363 S.W.2d 143; 1 Branch's Ann.P.C., 2nd ed., p. 684, Sec. 699.

The prison records relating to the prior conviction in said Cause No. 3084 (State's Exhibit No. 4) does not contain a certified copy of a judgment in said cause which is usually contained in such records. It is upon this fact that appellant's contention rests. There is, however, a certified copy of the sentence in said cause contained in such records which reflects the sentence was pronounced "in accordance with the verdict and judgment herein rendered and entered."

■ There is nothing in the record before us to show that such recital in the sentence is incorrect or that a judgment was not in fact entered in said cause.

Article 42.02, Vernon's Ann.C.C.P., provides:

"A 'sentence' is the order of the court in a felony or misdemeanor case made in the presence of the defendant, except in misdemeanor cases where the maximum possible punishment is by fine only, and entered of record, pronouncing the judgment, and ordering the same to be carried into execution in the manner prescribed by law."

In the absence of a showing to the contrary it is to be presumed that the sentence was based upon a judgment and the court acted in accordance with the law. The appellant makes no claim that a judgment was not in fact entered, only that the State failed to prove the same. We cannot agree.

The procedure here employed is not, however, commended. Certainly it is far more desirable for a certified copy of the judgment of a prior conviction to be introduced when this method of proof is utilized, but its absence, under the circumstances here presented, does not call for reversal or for a reformation of the judgment to reflect a conviction under the

provisions of Article 62, V.A.P.C. rather than Article 63, supra, the other prior conviction alleged being a like offense to the instant offense. When the State observed that the authenticated prison records did not contain a certified copy of the judgment, such copy should have obtained from the District Clerk of the 142nd District Court, just as a certified copy of the indictment in said Cause No. 3084 was obtained and introduced.

Ground of error # 1 is overruled.

Appellant further contends the conviction in said Cause No. 3084 was unavailable for enhancement since "burglary of a motor vehicle with an intent to commit theft" is not an offense denounced by the Penal Code of this State. We cannot agree.

The indictment in said cause introduced by the State clearly charges an offense under the provisions of Article 1404b, V.A.P.C.

█ It appears to be appellant's contention that the proper designation of such offense should have been "breaking and entering a vehicle with intent to commit theft." While such designation of the offense is far more common and perhaps more accurately and properly describes the offense,[1] the description actually used is not improper. See Benedict v. State, 172 Tex.Cr.R. 570, 361 S.W.2d 373.

In Benedict this Court held that Article 1404b, supra, proscribing breaking and entering a vehicle is to be construed in light of other provisions of the Penal Code relating to burglary including Articles 1392–1394, defining entry and breaking.

In Benedict this Court said, "The essential elements of the offense of burglary are a breaking and an entry. These elements

are clearly embraced in the statute under consideration."

Ground of error # 2 is overruled.

Finding no reversible error, the judgment is affirmed.

---

1. See title to the 1955 amendment to Article 1404b, supra. (Acts 1955, 54th Leg., p. 351, ch. 7).