**Delmar Garvin DOBY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42671.

Court of Criminal Appeals of Texas.

April 22, 1970.

Rehearing Denied June 17, 1970.

John J. Browne, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Ted Hirtz, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is the unlawful possession of narcotic drugs; the punishment, enhanced under Art. 63 P.C., life.

The sufficiency of the evidence to sustain the conviction is challenged, the first ground of error being predicated upon the contention that the jury's verdict was based upon evidence obtained in violation of appellant's constitutional rights as the result of an illegal arrest and search.

The record reflects the following: Two police officers of the City of Houston went to an apartment house in answer to a disturbance call. After a conversation with the manager they proceeded to apartment No. 7 "to investigate a loud disturbance." In the vicinity of said apartment they encountered two females who were "extremely drunk or high" and placed them under arrest.

As they approached the door of apartment No. 7 they "heard scuffling and loud noises coming from apartment 7." In response to their knock on the door and the inquiry from within "who is there," one of the officers replied "Peace Officers." The officers then heard "an extensive amount of scuffling and running," at which time one of them went to the rear of the apartment in time to see appellant jump out of a rear window.

Officer Wells testified in part that appellant attempted to escape by running away from him " * * * a staggering run as if he was drunk or high" and "making a mo-

tion with his right hand toward his mouth and attempted to put something in his mouth." The officer "tackled him" after he had run "50 feet or so toward the street," and observed a small cellophane package in his right hand.

Both of the officers expressed the opinion that appellant was "high on some type of narcotic drug."

The contents of the cellophane paper was shown to be a partially smoked marihuana cigarette; a bit of cellophane taken from appellant's mouth at the time was shown to contain "approximately 22% pure heroin."

A "Suspicious Persons Ordinance" of the City of Houston, adopted pursuant to authority of Art. 214 C.C.P. (1925), reenacted as Art. 14.03 C.C.P. (1965) authorizing cities and towns to enact such ordinances, was introduced in evidence.[1]

■ Assuming that the evidence set out was admitted over proper objection and the question of the legality of the arrest and search is properly before us, we overrule the contention that the evidence obtained as the result of the arrest and search should be excluded in passing upon the sufficiency of the evidence as obtained in violation of the constitutional rights of appellant under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States; and the contention that the evidence is insufficient to sustain the jury's verdict.

Grounds of error Nos. 2, 3 and 4, relate to the sufficiency of the evidence adduced at the hearing before the court on the issue of punishment to support the court's finding that appellant had been twice previously convicted of felony offenses less than capital, as charged in the indictment.

The first prior conviction for a felony less than capital alleged in the indictment

---

1. Art. 14.03 C.C.P. (1965) was amended by Acts of 1967, 60th Legislature, Ch. 659, Sec. 9, granting all peace officers the authority which incorporated cities and towns had previously been authorized to grant.

was a conviction on the 10th day of June, 1959, "of the offense of armed robbery, a felony, in the District Court Second Judicial District, Division No. 1, Bernalillo County, New Mexico in Cause No. 14571 on the docket of said court styled The State of New Mexico vs. Delmar G. Doby * * *."

In his ground of error No. 2 appellant contends that armed robbery is a capital offense in Texas; that there was no proof that New Mexico law is different from Texas law in this regard, therefore the presumption is that the law is the same.

■■■■ The ground of error correctly states that a prior conviction for a capital offense cannot be used for enhancement purposes under Art. 63 V.A.P.C.[2]

The state's proof of the New Mexico conviction consists of reproduction of original records of the New Mexico penitentiary certified to by the acting warden whose authority as the legal keeper and the officer having legal custody of the original records of said New Mexico State Penitentiary is attested by the Secretary of State of the State of New Mexico.

The acting warden, on December 16, 1966, certified that the (1) Photograph, (2) Fingerprint record and (3) "Commitment" attached to his certificate are "copies of the original records of Delmar G. Doby #17236, a person heretofore committed to said penal institution and who served a term of imprisonment therein * * *."

The "commitment" dated June 10, 1959, reads in part:

"THE STATE OF NEW MEXICO
                        14571—Criminal

"To The Sheriff of the County of Bernalillo and the Warden and Officers in Charge of the State Penitentiary at Santa Fe, New Mexico, Greeting:

"Whereas, Delmar G. Doby, having been duly convicted in the District Court of the Second Judicial District held within and for the County of Bernalillo, and State of New Mexico, of the crime of ARMED ROBBERY and Judgment having been pronounced against him on to-wit: the 10th day of June, 1959, that he be punished by imprisonment in the State Penitentiary of the State of New Mexico for the term of not less than Three (3) Years nor more than Twenty-five (25) Years, all of which appearing to us of record.

"Now, this is to command you, the said Sheriff of the County of Bernalillo, to take and keep, and safely deliver the said Delmar G. Doby into the custody of said Warden or other officer in charge of the State Penitentiary of the State of New Mexico, at your earliest convenience.

"And this is to command you the said Warden and other officers in charge of the State Penitentiary of the State of New Mexico, to receive of and from the Sheriff of the County of Bernalillo the said Delmar G. Doby, convicted and sentenced as aforesaid and him the said Delmar G. Doby, keep and imprison in the said State Penitentiary for the term of not less than Three (3) Years nor more than Twenty-five (25) Years * * *."

Ground of error No. 3 presents the contention that there is a total absence of proof to support the allegation that the appellant had been finally convicted in New Mexico in that a final conviction is established by the judgment and sentence in the cause, and neither a judgment nor sentence was introduced, only a commitment.

The 4th ground of error presents the contention that there is a total absence of proof to support the allegation of the indictment that appellant was convicted in

---

2. Neither of the prior convictions alleged could be used to enhance the punishment to life under Art. 62 P.C., neither being a conviction for an offense of like character as the primary offense.

New Mexico in a cause entitled "The State of New Mexico vs. Delmar G. Doby," pointing out that the records introduced by the state nowhere mention the style of any cause.

◼ Grounds of error Nos. 3 and 4 are overruled upon our conclusion that the recitations of the "commitment" are sufficient to show the finality of the conviction, and the absence of the style of the numbered cause is not fatal.

Though the capital offense of Robbery is sometimes referred to as "Armed Robbery", the Texas Statute (Art. 1408 V.A. P.C.) defining "Robbery" provides:

"If any person by assault, or violence, or by putting in fear of life or bodily injury, shall fraudulently take from the person or possession of another any property with intent to appropriate the same to his own use, he shall be punished by confinement in the penitentiary for life, or for a term of not less than five years; and when a *firearm or other deadly weapon is used or exhibited* in the commission of the offense, the punishment shall be death or by confinement in the penitentiary for any term not less than five years."

◼ A reading of this statute makes it clear that the mere fact that the robber may have been armed would not make the robbery a capital offense and in the absence of an allegation that a firearm or other deadly weapon *was used or exhibited,* the offense of robbery is not a capital offense.[3]

Ground of error No. 2 is overruled.

◼ The remaining ground of error, No. 5, relates to the following which occurred on direct examination of Officer Wells.

"Q. After the defendant ran from you and your partner recovered the narcotics from the defendant, did you have any reason to arrest him at the time other than being a suspicious person?

"A. Well, yes, for being a known addict.

"MR. ODOM: Objection, Your Honor, as to what he knows of the man's past unless he is going to prove up a narcotic conviction."

The ground of error: "It was reversible error for the prosecution to solicit and for the state's witness, an experienced police officer, to volunteer before the jury that the appellant was a known addict" and "that such was calculated to and did prejudice appellant before the jury so as to deprive him of a fair trial within the meaning of the Fourteenth Amendment to the Constitution of the United States," is not supported by the record and is overruled.

No question is raised as to the sufficiency of the evidence relating to the conviction in Harris County for the offense of assault to rob, committed after the New Mexico conviction had become final, or to the identification by fingerprint and expert testimony of the appellant as the person convicted in both prior convictions alleged.

The judgment is affirmed.

3. Appellant was sentenced to life imprisonment upon the finding of the trial judge that he had been twice previously convicted for a felony less than capital.

Should this court feel compelled to assume that the New Mexico conviction was for a capital felony, the life sentence could not be upheld upon such finding.

Since the claimed error relates only to the sufficiency of the evidence adduced at the hearing before the court on the issue of punishment, the case would be remanded for a new trial on such issue only.

The state would then be free to make proof of the prior conviction alleged, both as a part of appellant's criminal record (Art. 37.07 V.A.C.C.P.) and for enhancement of punishment, under Art. 63 P.C. should the state make proof (as it could easily do by introducing Art. 40–42–2 of the New Mexico Criminal Code in effect at the time of the conviction) that the New Mexico conviction was a conviction for a felony less than capital.