Charles L. THORNTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 54683.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 31, 1979.

Marion T. Carson, San Antonio, for appellant.

Ted Butler, Dist. Atty., F. G. Rodriguez, Stephen P. Allison and Susan D. Reed, Asst. Dist. Attys., San Antonio, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

ONION, Presiding Judge.

Our panel opinion on original submission is withdrawn and the following is substituted in lieu thereof.

This appeal is taken from a conviction for aggravated robbery, where the punishment was assessed at life imprisonment by the court following a guilty verdict and proof before the court of a prior felony conviction as alleged for enhancement of punishment.

Court-appointed counsel for appeal has filed a brief in which, after an examination of the record, he concluded that the appeal is wholly frivolous and without merit. Aware of his duties as prescribed by *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Gainous v. State*,

436 S.W.2d 137 (Tex.Cr.App.1969), counsel has advanced two arguable grounds of error in said brief and furnished a copy of the brief to the indigent appellant to allow him to file a pro se brief if he desired. Thereafter, the entire record was made available to the appellant and he filed a pro se brief.

After a careful examination of the appellate brief, we conclude that two "arguable" grounds of error raised by counsel are without merit and they are overruled. A discussion thereof would be of no benefit to the jurisprudence of this State.

On original submission appellant contended in his pro se brief that the trial court erred in assessing his punishment under V.T.C.A., Penal Code, § 12.42(c), as a second offender in that the exhibit (a pen packet) introduced into evidence as proof of the prior conviction is insufficient to support the enhancement of punishment for failure to reflect a valid judgment. The panel agreed and remanded the cause for a new hearing on punishment.

On rehearing we conclude that the panel was in error in remanding said cause. The record reflects that following the jury's verdict of guilty the penalty stage of the trial was conducted before the court. A fingerprint expert testified that appellant's known prints were identical with prints contained in State's Exhibit # 2, a pen packet relating to the alleged prior conviction for felony theft under the former Penal Code. State's Exhibit # 2 was offered and the only objection was that the sentence contained in the pen packet appeared to be a certified copy rather than the original sentence. The objection was overruled. No objection that the pen packet did not contain a judgment or a copy thereof was made. The copy of the sentence contained in the pen packet recites, among other things, that Charles Lee Thornton had appeared "for the purpose of having sentence of the law pronounced in accordance with the verdict and judgment rendered and entered against him . . . ." There is nothing in the record before us to show that such recital in the sentence is incorrect or that a judgment was not in fact entered in said cause.

A "judgment" and "sentence" are not the same thing. See Articles 42.01 and 42.02, V.A.C.C.P. A sentence is the order of the court in felony and certain misdemeanor cases pronouncing the judgment and ordering the same to execute. See Article 42.02, supra. Without a judgment the trial court is not authorized to sentence a defendant. *Tyra v. State*, 548 S.W.2d 912 (Tex.Cr.App.1977); *Morgan v. State*, 515 S.W.2d 278 (Tex.Cr.App.1974); *Scott v. State*, 461 S.W.2d 619 (Tex.Cr.App.1971). While all of this is true, the question presented is not whether the sentence is valid without a judgment, but whether in proving an alleged prior conviction the failure of a pen packet to contain a copy of the judgment renders the proof insufficient under the circumstances here presented.

In *Jones v. State*, 449 S.W.2d 277 (Tex.Cr. App.1970), we were confronted with the same fact situation including the same recitation in the sentence of the prior conviction.

There this court wrote:

"In the absence of a showing to the contrary it is to be presumed that the sentence was based upon a judgment and the court acted in accordance with the law. The appellant makes no claim that a judgment was not in fact entered, only that the State failed to prove the same. We cannot agree.

"The procedure here employed is not, however, commended. Certainly it is far more desirable for a certified copy of the judgment of a prior conviction to be introduced when this method of proof is utilized, but its absence, under the circumstances here presented, does not call for reversal or for a reformation of the judgment . . . ."

We conclude that *Jones* is controlling in the instant case. We acknowledge that in proving a final conviction for the enhancement of punishment that a mere showing of a verdict, *Morgan v. State*, 515 S.W.2d 278 (Tex.Cr.App.1974), or a judgment without a sentence, *White v. State*, 171 Tex.Cr.R. 683,

353 S.W.2d 229 (1961), does not show a final conviction necessary to enhancement of punishment under V.T.C.A., Penal Code, § 12.42(c). However, here, we have a sentence showing a verdict and a judgment was entered and no objection offered on the basis of the absence of a judgment in the pen packet.

We are aware of *Aaron v. State*, 546 S.W.2d 277 (Tex.Cr.App.1976), which noted, among other things, that the pen packet from Louisiana contained no judgments upon which the sentences for the three offenses can be based. There were other reasons the *Aaron* conviction was reversed, and in reviewing the *Aaron* decision, we conclude that this was an observation as in the *Jones* opinion that the failure to include the judgment in the pen packet was not a desirable practice.

The State's motion for rehearing is granted, the order remanding the cause for a new hearing on punishment is set aside, and the judgment is affirmed.