Randy Gene CHESTEEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–85–0879–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 22, 1986.

Bob Burdette, Harrison & Burdette, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Linda A. West, Caprice Cosper, Harris County Asst. Dist. Attys., Houston, for appellee.

Before SAM BASS, COHEN and DUNN, JJ.

## OPINION

DUNN, Justice.

The trial court found appellant guilty of forgery and assessed his punishment, enhanced with a prior conviction, at 12 years confinement.

In his first ground of error, appellant challenges the sufficiency of the evidence to support his conviction. Specifically, he claims that the evidence was insufficient to show that he passed a forged check with intent to defraud or harm another or that he had knowledge that the check was forged, as alleged in the indictment. The intent to defraud or harm another is a necessary element of forgery by passing, Tex.Pen.Code Ann. sec. 32.21(b) (Vernon

1974), and the intent to defraud or harm cannot be shown absent proof of knowledge that the instrument is forged. *See Landry v. State*, 583 S.W.2d 620, 621 (Tex. Crim.App.1979).

■ A review of the evidence is necessary to determine whether the State met its burden of proving appellant's knowledge and intent. Scienter, in a forgery case, may be established by circumstantial evidence. *Stuebgen v. State*, 547 S.W.2d 29 (Tex.Crim.App.1977).

■ Sandra Joyce Morris, owner of Carpet Capitol Warehouse, identified the State's Exhibit No. 1 as one of a group of 45 business checks that had been taken from her checkbook by persons unknown. The check was made payable to Jeff G. Bolton and was signed "Sandy Morris." A notation on the lower left hand corner of the check stated that it was in payment for "installing." Morris testified that she did not sign the check as maker or authorize anyone else to sign on her behalf. She further testified that none of the handwriting on the check was hers and that she did not know a "Jeff G. Bolton."

Lisa Ainsworth, an employee of Park Street Liquor, testified that she cashed payroll checks as part of her job. She stated that the store's procedure with unfamiliar customers was to ask for either a Texas driver's license or a social security card as identification and to require the person cashing the check to put their thumbprint, in ink, on the back. Ainsworth identified State's Exhibit No. 1 by the presence of a social security number, in her handwriting, on the back of the check under the signature "Jeff G. Bolton." She said that she did not know a Jeff G. Bolton; she was not asked to identify appellant. No evidence showed that appellant endorsed the check in her presence.

Deputy Randall L. Shields of the Harris County Sheriff's Department testified as to his expertise and experience in fingerprint comparisons and stated that, in his opinion, a print taken from appellant on the day of trial was the same as the inked print on the back of the check in question.

The testimony of Sandra Morris shows unequivocally that the check was forged. Appellant relies on *Stuebgen*, 547 S.W.2d at 29, and *Pfleging v. State*, 572 S.W.2d 517 (Tex.Crim.App.1978), which require a showing that a defendant had *knowledge* that the instrument was forged in order to establish the offense. However, in both *Stuebgen* and *Pfleging*, the defendants made no attempt to misrepresent themselves and were the named payees on the forged checks. The Court of Criminal Appeals laid great emphasis on these facts in reversing the convictions for insufficient evidence to show the defendants' intent.

■ Appellant claims that the evidence supports a reasonable hypothesis other than his guilt, and that therefore, his conviction cannot be sustained. *Carlsen v. State*, 654 S.W.2d 444 (Tex.Crim.App.1983). Appellant's hypothesis, that "Jeff G. Bolton" endorsed the check as payee and appellant merely presented it for payment along with Bolton's social security card, is not supported by the evidence. The testimony of Lisa Ainsworth affirmatively shows that appellant, unlike the defendants in *Stuebgen* and *Pfleging*, misrepresented himself to her. When she was asked from whom she took the thumbprint, Ainsworth replied, "Jeff G. Bolton."

Appellant's misrepresentation of himself as the payee of the forged check is sufficient circumstantial evidence to show his knowledge of the forgery and therefore, his intent to defraud or harm. *See Wilson v. State*, 605 S.W.2d 284 (Tex.Crim.App. 1980).

Appellant's first ground of error is overruled.

■ In his second ground of error, appellant contends that the trial court erred in overruling his objection to the admission of the prior Oregon conviction relied upon for enhancement purposes. Particularly, appellant avers that the State failed to make a prima facie showing of the existence of a

prior conviction when it failed to introduce a copy of the judgment in that cause.

The Oregon penitentiary packet admitted into evidence contained, among other things, a page entitled "Sentence" that enumerates the majority of items that Tex. Code Crim.P.Ann. art. 42.01 (Vernon Supp. 1986) states are desirable in a judgment. It also includes the elements of the court's sentence and pronouncement of sentence, as set out in Tex.Code Crim.P.Ann. arts. 42.02, 42.03 (Vernon Supp.1986).

The question presented here, as it was in *Thornton v. State,* 576 S.W.2d 407 (Tex. Crim.App.1979), is not whether the sentence is valid without a judgment, but whether, in proving an alleged prior conviction, the failure of a pen packet to contain a copy of the judgment renders the proof insufficient. The *Thornton* court found that it did not, reasoning that in the absence of a showing to the contrary, it is to be presumed that the sentence was based upon a judgment and that the court acted in accordance with the law. *Jones v. State,* 449 S.W.2d 277 (Tex.Crim.App.1970); *see also Hill v. State,* 666 S.W.2d 130, 135 (Tex.App.—Houston [14th Dist.] 1983, no pet.).

Appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.