**Luther Edward TUCKER, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–87–041–CR.**

Court of Appeals of Texas,
Fort Worth.

May 25, 1988.

**6.** *Cf., Campise v. State*, 745 S.W.2d 534 (Tex. App. [1st Dist.] Houston 1988, no pet.).

Law Offices of Strickland, Moore & Moore, Pamela J. Moore, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., with C. Chris Marshall, Loretta Stauffer, Ken Dies, and St. Clair Theodore, Assts., Fort Worth, for State.

Before FENDER, C.J., and Joe SPURLOCK, II and LATTIMORE, JJ.

## OPINION ON REHEARING

FENDER, Chief Justice.

Our opinion on original submission is withdrawn and the following is substituted in lieu thereof.

Appellant, Luther Edward Tucker, was convicted by a jury of solicitation of capital murder. *See* TEX.PENAL CODE ANN. secs. 15.03 (Vernon 1974) and 19.03 (Vernon Supp.1988). The jury found the enhancement allegations to be true and assessed punishment at ninety-nine years confinement in the Texas Department of Corrections and a fine of $10,000.00. Appellant appeals on ten points of error.

We affirm.

On July 25, 1985, appellant gave a ride to a hitchhiker, Magwood, on Interstate 45. By the time the two men had reached Dallas an agreement had been made whereby Magwood was to kill appellant's wife for a certain sum of money. Appellant then dropped Magwood at an Arlington shopping center. Soon thereafter, Magwood decided to call the police. Officer Simpson of the Arlington Police Department set up surveillance on appellant's residence, informed appellant's wife about the situation, and received permission to put a tape recording device on her phone.

On the morning of July 26, 1985, Magwood, by means of telephone, informed appellant that the job was completed, and appellant told Magwood where he could find the money. Magwood was then taken back to the Arlington Police Department where he gave a second statement. Magwood throughout his contact with the Arlington Police had identified himself as Glen Magwood to keep the police from discovering he was a parole violator. Subsequently, appellant was arrested and charged with the instant offense.

■ Appellant's first point of error contends the trial court erred in refusing to dismiss the indictment for denial of a speedy trial. Although the Texas Court of Criminal Appeals has recently declared the Texas Speedy Trial Act unconstitutional, *Meshell v. State*, 739 S.W.2d 246 (Tex.Crim. App.1987), appellant's contention can be resolved under the authority of state and federal constitutional law. The leading case is *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In *Barker*, the Supreme Court adopted four factors to be considered in determining whether a defendant's sixth amendment rights to a speedy trial has been violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant. *Id.*, 407 U.S. at 530, 92 S.Ct. at 2192, 33 L.Ed.2d at 117.

Applying the four-prong balancing test to the facts of this appeal, it is clear appellant was not denied a speedy trial. First, looking to the delay factor alone, the eighteen-month delay between arrest and trial was within the limits held not to be violative of speedy trial rights. No precise length of delay automatically constitutes a violation of the rights to a speedy trial; however, delays ranging anywhere from fifteen months to five years have been held not violative of speedy trial rights. *Grayless v. State*, 567 S.W.2d 216, 220 (Tex. Crim.App. [Panel Op.] 1978); *Harris v. State*, 489 S.W.2d 303, 308 (Tex.Crim.App. 1973).

As for the reasons for delay, appellant complains of the numerous reindictments but fails to offer evidence that in fact the trial was delayed because of a reindictment. Moreover, the evidence adduced at the speedy trial hearing showed that the State was ready to proceed to trial at all times.

Although appellant claims he vigorously asserted his rights to a speedy trial by filing an amended pro se motion to dis-

charge for delay and a pro se application for writ of habeas corpus, appellant never requested a hearing from the judge to have these matters decided. This case was filed on November 5, 1985, but appellant's motion to dismiss indictment for denial of speedy trial was not filed until January 23, 1987. In sum, appellant did not effectively seek a speedy trial until a day before his trial.

Finally, appellant, who has the burden of showing prejudice, has not shown he was prejudiced as a result of any alleged delay of his trial. *See Moore v. Arizona,* 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973). Appellant has not shown oppressive pre-trial incarceration nor has he shown the delay worked as a detriment to his defense, i.e., witnesses have become unavailable. *See Phipps v. State,* 630 S.W.2d 942, 946 (Tex. Crim.App. [Panel Op.] 1982). Appellant claims he was prejudiced by the "incorrect name alleged for the person solicited by Appellant in the indictments that were pending against Appellant for approximately eighteen months." However, the last reindictment does not show a correction of a wrong name but rather alleges an alias in addition to the name used when the original indictment was filed. TEX.CODE CRIM.PROC.ANN. art. 28.10(a) (Vernon Pamph.Supp.1988) provides that after a ten-day notice has been given to the defendant, a matter of form or substance in an indictment may be amended at anytime before the trial commences. The amendment in the instant case was made on January 16, 1987, and the trial commenced on January 26, 1987. It is difficult to see how appellant's speedy trial rights were substantially prejudiced where the State's conduct properly followed the Texas procedural rules. Point of error one is overruled.

In points of error two and three, appellant argues that the indictment was defective, thereby the court's charge containing the alleged defective paragraph of the indictment was improper. Appellant's objections to the indictment, and in particular to paragraph three of the indictment, were grounded in two infirmities: (1) the indictment failed to give appellant adequate notice of the charged offense; and (2) the indictment failed to include the essential element of the offense that the solicitation was made under circumstances surrounding his conduct as the actor believed them to be.

Paragraph number three of the indictment, under which appellant was convicted, reads as follows:

AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE SAID LUTHER EDWARD TUCKER, IN THE COUNTY OF TARRANT AND STATE AFORESAID, ON OR ABOUT THE 26TH DAY OF JULY, 1985, DID THEN AND THERE WITH INTENT THAT A CAPITAL FELONY, TO–WIT: CAPITAL MURDER BE COMMITTED, THE SAID LUTHER EDWARD TUCKER REQUESTED AND ATTEMPTED TO INDUCE FOR REMUNERATION AND THE PROMISE OF REMUNERATION, WARREN RAY MAGWOOD, ALSO KNOWN AS GLEN MAGWOOD, TO INTENTIONALLY AND KNOWINGLY CAUSE THE MURDER OF AN INDIVIDUAL, NAMELY, LORETTA TUCKER.

The elements of criminal solicitation are set forth in TEX.PENAL CODE ANN. sec. 15.03 as follows:

A person commits an offense if, with intent that a capital felony or felony of the first degree be committed, he requests, commands, or attempts to induce another to engage in specific conduct that, under the circumstances surrounding his conduct as the actor believes them to be, would constitute the felony or make the other a party to its commission.

*Id.*

■ An indictment can be legally sufficient without tracking the exact words of the statute which delineates the offense so long as the language used conveys the same meaning as the statute. *King v. State,* 675 S.W.2d 514, 516 (Tex.Crim.App. 1984); *Hobbs v. State,* 548 S.W.2d 884, 887 (Tex.Crim.App.1977) (opinion on reh'g); TEX.CODE CRIM.PROC.ANN. art. 21.17 (Vernon 1966).

In *Hobbs,* the indictment omitted the statutory language of section 15.03, "including the circumstances surrounding the conduct as appellant believed them to be," and "with intent that a felony be committed." *Hobbs,* 548 S.W.2d at 887. The *Hobbs* indictment alleged appellant promised remuneration to another to kill a relative, James Leon Hobbs. *Id.* The indictment further alleged appellant "did then and there attempt knowingly to cause the death of James Leon Hobbs." *Id.* The court held that the indictment was sufficient to allege the offense of solicitation of capital murder. *Id.*

■ Similarly, the present indictment alleges that with the intent that a capital murder be committed, appellant requested and attempted to induce for remuneration and the promise of remuneration, another, to intentionally and knowingly cause the murder of an individual. We find from the above language that the specific conduct and circumstances surrounding appellant's conduct as he believed them to be were adequately alleged in the present indictment.

■ As for the allegation that the indictment provided insufficient notice, for an accused to successfully attack a trial court's failure to quash an indictment for insufficient notice, he must show that he was harmed as a result of the deficiency. *Labelle v. State,* 720 S.W.2d 101, 107 (Tex. Crim.App.1986); *Opdahl v. State,* 705 S.W. 2d 697, 699 (Tex.Crim.App.1986). Appellant has failed to demonstrate how he was harmed as a result of the omitted words of the statute. Furthermore, as previously discussed, the indictment alleges facts which convey the same meaning as the missing statutory language. Appellant's points of error two and three are overruled.

■ Appellant's fourth point of error challenges the trial court's admission of two prior out-of-court statements made by Magwood. Magwood testified that he initially called the police after his conversation with appellant because of his own morals. Defense counsel attempted to impeach Magwood by asking him if he had ever asked for anything from the District Attor-

ney's office. Magwood responded he had not requested anything. Defense counsel then proceeded to introduce defendant's exhibits nos. 11 and 12 which are letters written to the D.A.'s office listing items he would need while in the Tarrant County Jail. When the State took Magwood on redirect, they offered the statements Magwood had given to the Arlington Police Department immediately after the offense occurred. Defense counsel objected on the basis of hearsay and improper bolstering.

TEX.R.CRIM.EVID. 801(e)(1)(B) provides that a statement is not hearsay, if "consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive," and if the statements were made before the motive for fabrication came into existence. *Campbell v. State,* 718 S.W.2d 712, 714 (Tex.Crim.App. 1986).

In the instant case, the State in rebuttal introduced two of Magwood's prior consistent statements to establish that before Magwood had written any of the letters introduced by the State, he had already told the Arlington Police Department facts consistent with his courtroom testimony. At the time he made the statements to the police he was not promised or given any money nor was he facing any charges for the offense. In fact, he had a motive not to give the statement because had the police discovered his real identity as a parole violator, his parole would have been revoked. Point of error four is overruled.

Appellant's points of error five, six, and ten will be addressed together since the central issue to each involves venue. Appellant generally argues that there is insufficient evidence that the offense was committed in Tarrant County, Texas, as alleged in the indictment.

In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the verdict. *See Flournoy v. State,* 668 S.W. 2d 380, 383 (Tex.Crim.App.1984). The critical question is whether, after so viewing the evidence, any rational trier of fact

could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985).

Where venue is not specifically stated, as is the case for solicitation, the proper county for prosecution of the offense is that in which the offense occurred. *See* TEX.CODE CRIM.PROC.ANN. art. 13.18 (Vernon 1977). Although appellant may have solicited Magwood on the way to Dallas, this was a continuing transaction and each element of solicitation to commit capital murder was also committed in Tarrant County, Texas.

Once in Arlington, appellant continued to induce, influence or persuade Magwood to commit a capital murder. In fact, Magwood testified that he did not agree to commit the murder until they were in Arlington while appellant was driving him around showing him the layout of the area. Appellant induced Magwood to commit the murder by showing him the location of the victim's house, where to hide, and how appellant would pay Magwood. The testimony of Officer Simpson indicated the victim's house was located at 707 Edgemont, Arlington, Texas. Although Magwood could not testify that 707 Edgemont was in Tarrant County, Officer Simpson did testify to such. We hold, in reviewing all the evidence, that a rational trier of fact could have found beyond a reasonable doubt that the offense was committed in Tarrant County, Texas. As a result, the trial court did not err in denying appellant's motion for instructed verdict based upon insufficient evidence as to venue.

Furthermore, since evidence was presented indicating that the offense, or at least part of the offense, may have occurred in other counties, a submission on the issue of venue under TEX.CODE CRIM.PROC.ANN. art. 13.19 (Vernon 1977) in the court's charge was proper.[1] It was also proper for the court's charge to

indicate, "[v]enue is the county where the prosecution of a criminal offense is begun and tried." *See Whitley v. State*, 635 S.W.2d 791, 797 (Tex.App.—Tyler 1982, no pet.). Points of error five, six, and ten are overruled.

Appellant next contends that the trial court erred in denying appellant's requested special charge on specific intent during the guilt/innocence stage. Appellant argues that the issue of specific intent had been raised in the nature of a defense, and the court's charge should have affirmatively charged this issue in its application paragraph.

TEX.PENAL CODE ANN. sec. 15.03(a) requires a specific intent. That specific intent is that the person act "with intent that a capital felony or felony of the first degree be committed." *Id.* In the present appeal, since the charge included the "intentionally or knowingly" element in addition to the specific intent element, the charge did not lessen the State's burden of proof. *See Richardson v. State*, 681 S.W.2d 683, 687 (Tex.App.—Houston [14th Dist.] 1984), *rev'd on other grounds*, 700 S.W.2d 591 (Tex.Crim.App.1985). The specific intent element is in paragraph three of the charge and states that appellant "DID THEN AND THERE WITH INTENT THAT A ... CAPITAL MURDER BE COMMITTED." The intentionally or knowingly element is separate and follows the specific intent language. Thus, the charge adequately addresses the requisite specific intent of the charged offense.

Moreover, appellant's requested specific intent charge emphasized an element of the offense which the State must prove and appellant must deny. It is well-settled that the denial of a requested instruction is not error where the requested instruction is merely an affirmative submission of a defensive issue which denies the existence of an essential element of the State's case. *Barnette v. State*, 709 S.W.2d 650, 652

---

1. Article 13.19 of the Texas Code of Criminal Procedure provides:

 If an offense has been committed within the state and it cannot readily be determined within which county or counties the commission took place, trial may be held in the county in which the defendant resides, in the county in which he is apprehended....

(Tex.Crim.App.1986); *Sanders v. State,* 707 S.W.2d 78, 81 (Tex.Crim.App.1986). Appellant's point of error seven is overruled.

On original submission appellant contended in his points of error eight and nine that the trial court erred in assessing his punishment enhanced by a prior Georgia felony conviction because the pen packet introduced into evidence as proof of the prior conviction was insufficient evidence for failure to reflect a valid judgment. The panel agreed and reversed and remanded in accordance with TEX.CODE CRIM.PROC. ANN. art. 44.29(b) (Vernon Supp.1988).

On rehearing we conclude that the panel was in error in reversing the cause. The record reflects that during the penalty stage of the trial, the State offered a penitentiary packet from Georgia. A fingerprint expert testified that appellant's known prints were identical with prints contained in the Georgia pen packet. The clerk of the Superior Court of Georgia certified that the copy of the sentence and judgment was true and complete. Defense counsel objected to the pen packet because it contained no recitations that a judgment and sentence were entered in compliance with the laws of Texas. The objection was overruled.

 It is presumed that the law of Georgia is the same as in Texas absent proof to the contrary. *See Doby v. State,* 454 S.W.2d 411, 413–14 (Tex.Crim.App. 1970). TEX.CODE CRIM.PROC.ANN. art. 42.01 (Vernon Supp.1988) states that a judgment is "the written declaration of the court signed by the trial judge and entered of record showing the conviction." The judgment should, among other things, reflect: (1) that the parties were called, naming the attorney for the State and the attorney for the defendant; (2) whether the case was tried before a jury; (3) the verdict of the jury; (4) the date the offense; and (5) the date the judgment was entered. Although the sentence is that part of the judgment which orders that the punishment be carried into execution, the judgment and sentence are two distinct and separate items. *Morgan v. State,* 515 S.W. 2d 278, 281 (Tex.Crim.App.1974); TEX.

CODE CRIM.PROC.ANN. art. 42.02 (Vernon Supp.1988).

The content of the instrument alleged to be a judgment by the State does not comport to the requirements of a judgment under Texas law as set forth by TEX. CODE CRIM.PROC.ANN. art. 42.01. It reads, in pertinent part:

WHEREUPON, It is ordered and adjudged by the Court that the Defendant, Edward Tucker be taken from the Bar of this Court to the jail of Candler County, and be there safely kept until a sufficient guard is sent for him from the Georgia Penitentiary, and be then delivered to, and be by said guard taken to said Penitentiary, or to such other place as the Director of Corrections may direct, where he, the said defendant be confined at labor for the full term of not less than two years, and not more than two years, to be computed according to law.

Ordered, that if possible, that Board of Corrections of the State of Georgia, send this prisoner to work camp at Telfair or Bullouck County.

Additionally, the instrument stated that appellant was convicted of assault with intent to murder.

Although the instrument fails to meet the requirements for a judgment in Texas, its contents are sufficient to constitute a sentence. *See* TEX.CODE CRIM.PROC. ANN. art. 42.02, *see also* McCormick and Blackwell, TEXAS CRIMINAL FORMS AND TRIAL MANUAL sec. 59.15 (Texas Practice 9th Ed. 1985). The instrument enumerates numerous items that TEX. CODE CRIM.PROC.ANN. art. 42.01 states are desirable in a judgment. It also includes elements of the court's sentence and pronouncement of the sentence, as set out in TEX.CODE CRIM.PROC.ANN. art. 42.- 02.

 In absence of a showing to the contrary it is presumed that the sentence was based upon a judgment and the court acted in accordance with the law. *Jones v. State,* 449 S.W.2d 277, 278 (Tex.Crim.App. 1970). Texas courts have held that in proving an alleged prior conviction, the failure of a pen packet to contain a copy of the

judgment does not render the proof insufficient. *Thornton v. State,* 576 S.W.2d 407, 408 (Tex.Crim.App.1979) (opinion on reh'g); *Jones,* 449 S.W.2d at 278; *Chesteen v. State,* 712 S.W.2d 553, 555 (Tex.App.— Houston [1st Dist.] 1986, pet. ref'd). However, we emphasize, as do the cases which we have cited, that it is a far more desirable practice when proving an alleged prior conviction for purpose of enhancement for a certified copy of a judgment of a prior conviction to be introduced into evidence.

The State's motion for rehearing is granted, the order remanding the cause is set aside, and the judgment is affirmed.