**Ralph Leon LINKER, Jr., Appellant,**

v.

**STATE of Texas, State.**

**No. 2–88–029–CR.**

Court of Appeals of Texas,
Fort Worth.

Jan. 19, 1989.

Publication Ordered Feb. 13, 1989.

James Cook, Public Defender and R.D. Rucker Asst. Defender, Wichita Falls, for appellant.

Barry L. Macha, Criminal Dist. Atty. and Gerald W. Taylor, Asst. Criminal Dist. Atty., Wichita Falls, for state.

Before HILL, FARRIS and MEYERS, JJ.

## OPINION

HILL, Justice.

Ralph Leon Linker, Jr., appeals his conviction by a jury of the offense of aggravated robbery. The jury assessed his punishment at sixty years in the Texas Department of Corrections and a fine of $2,500. In two points of error, Linker asserts the trial court erred by admitting two pen packets into evidence, one from the state of New York, and the other from Indiana.

We affirm, because we find that the trial court did not err by admitting the two pen packets into evidence.

In point of error number one, Linker urges that the trial court erred by admitting the New York pen packet into evidence because it contained a "commitment," not a judgment and sentence. The "commitment" to which Linker refers, which purports to be a true extract from the minutes of the County Court of Niagara held at Lockport on July 25, 1979, states that Linker was found guilty, by plea, for a robbery which had occurred on February 21, 1979. The document states that Linker "be and he hereby is sentenced to an IN-DETERMINATE sentence of imprisonment which shall have a maximum term of four years." The commitment is certified by the clerk of the court as being a true extract from the minutes. The commitment is in fact a sentence under Texas law. *See* TEX.CODE CRIM.PROC.ANN. art. 42.02 (Vernon 1989). In the absence of a showing to the contrary, it is presumed that a sentence was based upon a judgment. *Jones v. State,* 449 S.W.2d 277, 278 (Tex.Crim.App.1970). Since the document admitted was sufficient to establish the prior conviction, the trial court did not err by admitting it and the remainder of the pen packet into evidence.

Linker primarily relies on *Aaron v. State,* 546 S.W.2d 277 (Tex.Crim.App.1976) and *Morgan v. State,* 515 S.W.2d 278 (Tex. Crim.App.1974). We hold these cases are not controlling, for the same reason that the court found they were not controlling in *Thornton v. State,* 576 S.W.2d 407, 408–09 (Tex.Crim.App.1979) (opinion on reh'g). We overrule point of error number one.

Linker urges in point of error number two that the trial court erred by admitting into evidence a pen packet from Indiana, because the packet has no seal, and therefore does not comply with rule 902(1) of the Texas Rules of Criminal Evidence, and because the packet contains no certification that the signer has the official capacity and that the signature is genuine, as required by rule 902(2) of the Texas Rules of Criminal Evidence.

Included in the packet is a certification by Jane Firanek that the documents in the

packet are true and correct copies of the records kept by her as the custodian of records for the Indiana Department of Corrections. The certification contains the seal of the Indiana Department of Corrections. Rule 902(1) of the Texas Rules of Criminal Evidence provides, among other things, that such a document is admissible without extrinsic evidence of authenticity when the document bears a seal of a state department and a signature purporting to be an attestation or execution. Linker's only argument is that the document contains no seal, when it does, in fact, contain such a seal. We note that our record was supplemented to show that the original document contained a seal. Since the document was admissible because it had a seal as required by rule 902(1) of the Texas Rules of Criminal Evidence, Linker's argument that the packet did not meet the requirements of rule 902(2) of the Texas Rules of Criminal Evidence has no merit, since that section sets forth the requirements necessary for a document to be admissible without extrinsic evidence when the document has no seal. Since this document has a seal, rule 902(2) has no application. We find the trial court did not err by admitting the Indiana pen packet into evidence. We overrule point of error number two.

The judgment is affirmed.