Frank Patrick **LAMBERT, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 3–89–100–CR.

Court of Appeals of Texas, Austin.

Oct. 25, 1989.

James H. Kreimeyer, Belton, for appellant.

Arthur C. Eads, Dist. Atty. and James T. Russell, Administrative Asst., Belton, for appellee.

Before SHANNON, C.J., and GAMMAGE and JONES, JJ.

PER CURIAM.

A jury found appellant guilty of indecency with a child and assessed punishment, enhanced by two previous felony convictions, at imprisonment for thirty years. Tex.Pen.Code Ann. § 21.11 (1989).

Appellant's single point of error is that the State failed to adequately prove one of the two previous convictions used for enhancement. Both convictions were from Michigan, the one in question being Wayne County cause number 76–623691–FR. The State's proof is in the form of a penitentia-

ry packet, the admissibility of which appellant does not dispute. There is also no question that appellant is the person whose record is reflected in the exhibit.

The penitentiary packet contains a mittimus, or order of commitment, entered in the Wayne County cause. Appellant asserts that this document is insufficient, arguing that there must be a judgment and sentence in order to demonstrate a final conviction. As authority, appellant cites *Morgan v. State*, 515 S.W.2d 278 (Tex.Cr. App.1974), in which the trial court admitted testimony concerning a jury's verdict of guilty in a previous cause over the defendant's objection that such testimony did not constitute proof of a final conviction. The Court of Criminal Appeals reversed, stating that "[t]he absence of a judgment invalidates a sentence, and without a sentence no final conviction has resulted from the trial." 515 S.W.2d at 281. *Morgan* was quoted with approval in *Aaron v. State*, 546 S.W.2d 277 (Tex.Cr.App.1976).

In *Jones v. State*, 449 S.W.2d 277 (Tex. Cr.App.1970), the prison records introduced to prove a previous conviction contained a sentence but no judgment.[1] The court rejected the argument that, without a judgment, the proof was insufficient.

There is nothing in the record before us to show that such recital in the sentence [that a judgment was rendered] is incorrect or that a judgment was not in fact entered in said cause.

. . . . .

In the absence of a showing to the contrary it is to be presumed that the sentence was based upon a judgment and the court acted in accordance with the law. The appellant makes no claim that a judgment was not in fact entered, only that the State failed to prove the same. We cannot agree.

449 S.W.2d at 278.

The Court of Criminal Appeals reaffirmed *Jones* in *Thornton v. State*, 576 S.W.2d 407 (Tex.Cr.App.1979). At the

---

1. Prior to September 1, 1981, the sentence was a document separate from the judgment. *See*

Tex.Code Cr.P.Ann. art. 42.02 (1979).

same time, the court distinguished *Morgan* and *Aaron:*

> [T]he question presented is not whether the sentence is valid without a judgment, but whether in proving an alleged prior conviction the failure of a pen packet to contain a copy of the judgment renders the proof insufficient under the circumstances here presented.
>
> .    .    .    .    .
>
> We conclude that *Jones* is controlling in the instant case. We acknowledge that in proving a final conviction for the enhancement of punishment that a mere showing of a verdict, [citing *Morgan* ], or a judgment without a sentence, *White v. State,* 171 Tex.Cr.R. 683, 353 S.W.2d 229 (1961), does not show a final conviction necessary to enhancement of punishment.... However, here, we have a sentence showing a verdict and a judgment was entered and no objection offered on the basis of the absence of a judgment in the pen packet.
>
> We are aware of *Aaron v. State,* [citation], which noted, among other things, that the pen packet from Louisiana contained no judgments upon which the sentences for the three offenses can be based. There were other reasons the *Aaron* conviction was reversed, and in reviewing the *Aaron* decision, we conclude that this was an observation as in the *Jones* opinion that the failure to include the judgment in the pen packet was not a desirable practice.

576 S.W.2d at 408, 409.

In *Doby v. State,* 454 S.W.2d 411 (Tex. Cr.App.1970), the State's proof of a previous New Mexico conviction was a penitentiary packet containing neither a judgment nor a sentence, only a commitment reciting that the defendant had been convicted and judgment pronounced. The court held the proof to be sufficient.

*Jones* and *Thornton* have been cited and followed in *Linker v. State,* 764 S.W.2d 35 (Tex.App.1989, no pet.); *Tucker v. State,* 751 S.W.2d 919 (Tex.App.1988, pet. ref'd); and *Chesteen v. State,* 712 S.W.2d 553 (Tex.App.1986, pet. ref'd). *Linker* and *Tucker* involved out-of-state commitments similar to that before this Court. In *Linker,* it was held that the trial court did not err in admitting the document as proof of the previous conviction. In *Tucker,* the commitment was held sufficient to prove the previous conviction.

The Court of Criminal Appeals recently returned to this issue in *Langston v. State,* 776 S.W.2d 586 (Tex.Cr.App.1989). In this case, the court held that the trial court erred in admitting, over the defendant's objection, a Kansas penitentiary packet containing neither a judgment nor a sentence as evidence of a prior conviction. The documents contained in the exhibit were described by the court as a "journal entry," "commitment," and "order." The opinion cites *Morgan* and *Aaron,* but does not refer to *Thornton, Jones,* or *Doby,* or to the courts of appeals opinions following them.

The document before us is certified by the clerk of the Wayne County circuit court as "a correct abstract from the minutes of this Court in the above cause, being the conviction and sentence of Frank Patrick Lambert, defendant therein." The document orders appellant's commitment to prison to serve the ten year sentence entered following his plea of guilty to the offense of assault with intent to rob, being armed. Appellant did not object to the admission of this exhibit on the ground that it did not contain a judgment. Under the circumstances, we find the proof of this previous conviction to be sufficient. *Thornton v. State, supra; Jones v. State, supra; Doby v. State, supra; Linker v. State, supra; Chesteen v. State, supra.*

The judgment of conviction is affirmed.

Affirmed.