

# IN THE
# TENTH COURT OF APPEALS

## No. 10-12-00372-CR

**MARK BRADLEY GRAVES,**

                                          **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                          **Appellee**

---

**From the 19th District Court**
**McLennan County, Texas**
**Trial Court No. 2011-2140-C1**

---

## MEMORANDUM OPINION

---

In two issues, appellant, Mark Bradley Graves, challenges his conviction for enhanced driving while intoxicated, a second-degree felony. *See* TEX. PENAL CODE ANN. §§ 12.42(a), 49.04, 49.09 (West Supp. 2012). We affirm.

### I.    BACKGROUND

At about 2:00 p.m., on August 1, 2011, David Monthey, the Chief of Police for Mart, Texas, responded to a one-car accident located on Rice Road, just outside of Riesel, Texas. Chief Monthey observed a vehicle still running but turned sideways in a

ditch. Appellant and a female passenger occupied the vehicle. Chief Monthey asked appellant to turn off and exit the vehicle. Appellant turned off but refused to exit the vehicle. Chief Monthey recalled that he spoke to appellant through a two-inch crack on the driver's side window and that there was a strong odor of alcohol emanating from the vehicle. Because appellant refused to exit the vehicle, Chief Monthey waited for backup.

Texas Department of Public Safety Troopers Chad Buenger and Gerald Rogers responded to the scene of the accident. Trooper Buenger testified that he saw a W.L. Weller whiskey bottle just outside appellant's door and that the whiskey bottle did not have any dust on it. Trooper Buenger believed that the whiskey bottle was appellant's. Troopers Buenger and Rogers and Police Chief Monthey once again requested that appellant exit the vehicle, which appellant refused. It was only after Trooper Buenger removed his taser from its holster that appellant exited the vehicle. Trooper Buenger noted that the vehicle "reeked of alcohol, [appellant's] eyes were bloodshot, and he just seemed very uncooperative." Trooper Rogers attempted to administer field-sobriety tests. Appellant stated that he is legally blind in one eye and refused to complete the horizontal-gaze-nystagmus test. Based on his experience, Trooper Buenger testified that appellant's uncooperative nature was indicative of someone who was intoxicated. Trooper Rogers did not administer the walk-and-turn and one-leg stand tests because they were situated on a gravel road with loose rocks, which would have affected the results of the tests. Appellant was subsequently arrested and taken to jail.

Upon arriving at the jail, appellant refused to provide police with a breath specimen. Instead, he cursed at the officers, requested that they shoot him, and threatened to fight Trooper Buenger. After discovering that he had at least two prior DWI convictions, appellant was taken to the hospital for a blood draw. Appellant informed Trooper Buenger that they would "not be taking his blood, that he would fight us for it." A blood draw was eventually conducted by Gaylon Freeman, an Emergency Room Technician at the Hillcrest Hospital emergency room, while four troopers held appellant down.[1]

Appellant's blood was analyzed two days after the accident. The blood-alcohol content of appellant's blood was 0.29 grams of alcohol per 100 milliliters of blood, which is more than three times the legal limit of 0.08.

At the conclusion of the evidence, the jury found appellant guilty of the charged offense, including an enhancement paragraph referencing two prior DWI convictions in Nueces County and McLennan County, Texas. After pleading true to another DWI conviction in San Patricio County, Texas, appellant was sentenced to twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice with a $10,000 fine. This appeal followed.

## II.    MOTION TO SUPPRESS

In his first issue, appellant contends that the results from the blood test should have been suppressed because the blood sample was forcibly taken without a warrant

---

[1] Freeman has been trained at Hillcrest in phlebotomy and conducts approximately fifteen to twenty blood draws a day at the hospital.

and because the State failed to show that a warrant could not be obtained. Essentially, appellant argues that the trial court abused its discretion in denying his motion to suppress. In making this argument, appellant relies heavily on the United States Supreme Court's recent decision in *Missouri v. McNeely*, 2013 U.S. LEXIS 3160, 133 S. Ct. 1552, 185 L. Ed. 2d 696 (Apr. 17, 2013).

In analyzing this issue, we first look to see what appellant pleaded in his motion to suppress and what he argued at the suppression hearing. In his motion to suppress, appellant argued that the blood-test results should be suppressed because he did not consent and because he was not given statutory warnings under section 724.015 of the Texas Transportation Code. *See* TEX. TRANSP. CODE ANN. § 724.015 (West Supp. 2012). Appellant also argued that the blood sample was not taken within a reasonable period of time and that the sample was not done by a qualified technician in a sanitary place, as required by section 724.017 of the Texas Transportation Code. *See id.* § 724.017 (West 2011).

At the suppression hearing, appellant focused his argument on whether the sample was taken by a qualified technician. Appellant did not argue the other points raised in his motion to suppress, nor did he make the argument asserted on appeal—that the blood-test results should be suppressed because they were forcibly taken without a warrant and because the State failed to show that a warrant could not be obtained. Ostensibly, what we have is a situation where appellant's complaints on appeal do not comport with those made in the trial court.

To preserve error for appellate review, a complaining party must make a timely and specific objection.  *See* TEX. R. APP. P. 33.1(a)(1); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).  Texas courts have held that points of error on appeal must correspond or comport with objections and arguments made at trial.  *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998); *see Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd).  "Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review."  *Wright*, 154 S.W.3d at 241; *see Resendiz v. State*, 112 S.W.3d 541, 547 (Tex. Crim. App. 2003) (holding that an issue was not preserved for appellate review because appellant's trial objection "does not comport with" the issue he raised on appeal); *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999) (same).

Because appellant's appellate complaints do not comport with those made in the trial court, we cannot say that appellant has preserved this issue for review.  *See* TEX. R. APP. P. 33.1(a)(1); *see also Resendiz*, 112 S.W.3d at 547; *Wilson*, 71 S.W.3d at 349; *Dixon*, 2 S.W.3d at 273.  Accordingly, we overrule appellant's first issue.

### III.    SUFFICIENCY OF THE EVIDENCE ESTABLISHING A FELONY OFFENSE

In his second issue, appellant asserts that there is insufficient evidence to establish a felony offense because the State failed to proffer a certified copy of appellant's prior DWI conviction in Nueces County, Texas.

The record reflects that appellant was charged by indictment with DWI under section 49.04 of the Texas Penal Code.  *See* TEX. PENAL CODE ANN. § 49.04.  Also included in the indictment was an enhancement paragraph that referenced two prior

DWI convictions allegedly occurring in Nueces County and McLennan County. And pursuant to sections 12.42(a) and 49.09(b)(2), the charged offense was enhanced to a second-degree felony.[2] *See id.* §§ 12.42(a), 49.09(b)(2). In support of the enhancement allegation contained in the indictment, the State tendered copies of the judgment and sentence for both of the alleged DWI convictions—both of which referred to appellant and contained his fingerprints.

In order to prove a defendant was convicted of a prior offense for enhancement purposes, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the person identified for the conviction is the defendant. *Flowers v. State*, 220 S.W.3d 919, 921-22 (Tex. Crim. App. 2007). No specific document or mode of proof is required to prove these two elements, and there is no "best evidence" rule that requires the fact of a prior conviction to be proven with any particular document. *Id.* The State may prove the required elements in a number of different ways, including "documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted." *Id.* (citing *Doby v. State*, 454 S.W.2d 411, 413-14 (Tex. Crim. App. 1970)).

Don Marshall, an investigator with the District Attorney's Office of McLennan County, testified that the complained-of judgment and sentence, State's exhibit 7, depicted appellant's September 9, 2000 conviction for "Operating a Motor Vehicle in a

---

[2] The two prior DWI offenses alleged in the indictment elevated the charged offense to a third-degree felony pursuant to section 49.09(b)(2) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2012). The charged offense was further enhanced by appellant's DWI conviction in San Patricio County, Texas, on April 23, 2010. *See id.* § 12.42(a) (West Supp. 2012).

Public Place While Intoxicated" and was a certified copy of a public document. Marshall also noted that the fingerprints on the Nueces County judgment and sentence matched appellant's known fingerprints. Subsequently, State's exhibit 7 was admitted into evidence without an objection from appellant. Because appellant did not object in the trial court regarding State's exhibit 7, we find that appellant has waived his complaints in this issue. *See* TEX. R. APP. P. 33.1; see also *Wilson*, 71 S.W.3d at 349. Nevertheless, even if appellant had properly preserved this issue, we find that the record evidence sufficiently establishes appellant's prior DWI conviction in Nueces County and appellant's identity as the person convicted. *See Flowers*, 220 S.W.3d at 922; *see also Doby*, 454 S.W.2d at 413-14. We overrule appellant's second issue.

## IV. CONCLUSION

Having overruled both of appellant's issues on appeal, we affirm the judgment of the trial court.


AL SCOGGINS
Justice


Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed July 18, 2013
Do not publish
[CR25]